# THE PEOPLE ex rel. CHARLES F. LIVERMORE and Others *v.* ALEXANDER HAMILTON, Jr.

*Summary Proceedings—Jury—Challenge—Certiorari.*

In a summary proceeding before a Justice to dispossess a tenant holding over, the Supreme Court is authorized to review all questions properly arising in respect to the proceedings, or during the trial, on the merits of such special proceedings.

The statutory writ awarded in such case is not in the nature of a common law certiorari, limiting the reviewing Court to the question of jurisdiction or · regularity of proceedings.

This proceeding is not a civil action within the meaning of the Code, and the parties thereto are not entitled to peremptory challenges.

The Defendant Hamilton instituted summary proceedings under the statute, before Thomas Stewart, Esq., a Justice of the District Court for the First Judicial District in the city of New York, on the 12th day of May, 1862, to remove the Relators, as tenants, holding over after their lease had expired, of certain premises in the city of New York.

The Relators appeared, and an issue of fact was joined by the affidavits interposed and filed by the Relators. A jury was summoned in accordance with the provisions of the statute, and the twelve jurors nominated by the said Justice were summoned to try the said issue. Upon the trial, the counsel for Mr. Hamilton interposed a peremptory challenge to Frank C. Huntington, one of the jurors drawn by said Justice, and without assigning any cause. The counsel for the tenants objected to the allowance of such challenge, because no cause was assigned, and because, in these summary proceedings, the law does not give a peremptory challenge ; and the said Justice overruled the objection, and set· aside the said Huntington as a juror, to which decision the counsel for the Relators duly excepted.

There were various objections and exceptions taken to the

ruling of the said Justice upon questions of evidence, and to his charge, and to his refusal to charge certain requests to the jury.

The cause was tried, and the jury decided in favor of the landlord, and the Relators were dispossessed by the judgment of the said Justice, and the Relators removed the said proceedings and determination or judgment into the Supreme Court, by certiorari, and the General Term of the First District reversed the proceedings and determination, and gave judgment against the said Hamilton for $94.74 costs on the certiorari ; and from this judgment and determination of the General Term the Defendant Hamilton has appealed to this Court.

*J. Larocque* for Appellant.
*E. R. Robinson,* for Respondents.

Mason, J.—The Respondents claim, and insist, that no appeal lies to the Court of Appeals from the determination of the General Term in this case. Since the amendment made to § 11 of the Code (chap. 723 of the Laws of 1857), an appeal lies to this Court from a final order affecting a substantial right made in a special proceeding, at a General Term of the Supreme Court (Code, § 11, sub. 3). This is not a common law certiorari, where the Supreme Court is limited to a review of the question of jurisdiction and the regularity of the proceedings.

Under this statutory writ, the Supreme Court is authorized to review, at least, any question of law occurring, either in the proceedings, or upon the trial, and may review the rulings upon the challenge to jurors, questions of the admission or rejection of evidence, and the charge upon the law of the case to the jury (Anderson *v.* Prindle, 23 W. R. 616; Niblo *v.* Post, 25 W. R. 280; Morewood *v.* Hollister, 2 Seld. R. 309). And that Court may require the evidence. to be returned, and may look into the evidence so far, at least, as to see whether it showed a conventional relation of landlord and tenant.

This was expressly held in this Court, in the case of Benjamin *v.* Benjamin (1 Seld. R. 383). There can be no doubt that, upon this writ, it is the right and the duty of the Supreme Court to

interpose to correct mistakes in the law bearing upon the merits of the case, and to see to it that the officer before whom the proceedings were had kept within the pale of the law in conducting the proceedings. The Supreme Court was fully authorized to review the decision of the Justice in this case, in allowing to this Defendant a peremptory challenge, and in setting aside Mr. Huntington, a juror, upon such challenge. I am quite satisfied, also, that the Supreme Court was right in holding that the act of April 27, 1847, giving the right of peremptory challenge, upon the trial of an issue of fact joined in a civil action, does not apply to such an issue as this, in summary proceedings by the landlord against the tenant to obtain the possession of demised premises.

This act provides that, " upon the trials of any issue or issues of fact, joined in a civil action, each party shall be entitled peremptorily to challenge two of the persons drawn as jurors for such trials " (1 Laws of 1847, chap. 134, § 1).

. These summary proceedings are not civil actions within the meaning of the Code (see §§ 1, 2, and 3 of the Code). Nor were they so before the passage of the Code (Hyatt v. Seeley, 1 Kernan R. 55).

It is not a civil action, as has frequently been held (Miner v. Burling, 32 Barb. R. 540 ; People, ex rel. Nevins v. Willis, 5 Abbott Pr. R. 205 ; People ex rel. Livermore v. Hamilton, 15 Abbott Pr. R. 328 ; Haviland v. White, 7 How. Pr. R. 154 ; Williams v. Bigelow, 11 How. Pr. R. 83). The 36th section of the statute, as amended by the Act of April 3, 1849 (Laws of 1849, 291, chap. 193, § 4), which declares that, " six of the persons so summoned shall be drawn in like manner as jurors in Justices' Courts," does not extend the right of challenge in this case.

It is a forced and unreasonable construction of the plain language of this statute to extend it to embrace the peremptory right of challenge to this case. All that this statute says, or means, is, that the jury shall be drawn in the same manner as jurors in Justices' Courts are drawn.

It is confined, in its language and meaning, to this mode of drawing the jury, and never was intended to alter the law of

challenge secured to the parties. The right of challenge depending either upon the common law or statute, is one thing, and the drawing the jurors from the panel summoned, is quite another and different thing. The one has reference to the ministerial duty of the Justice and constable—the Justice in writing on several and distinct pieces of paper, as nearly of one size as may be, and which the constable, in the presence of the Justice, is to roll up or fold, as nearly as may be, in the same manner, and put them together in a box, or some convenient thing, and then the Justice is to draw out the number required (2 R. S. 243, §§ 99, 100); while the right of peremptory challenge is the act of the party alone which sets aside the juror drawn, without act, decision, or interposition of the Justice at all.

This act, requiring the jury to be drawn in the same manner as jurors in Justices' Courts, has reference to this mode and manner of drawing, and ought not to be held as extending, by implication and construction, the right of peremptory challenge given by the statute of 1847, which, in its very language, limits the right of peremptory challenge to the trial of fact joined in civil actions.

The Supreme Court were clearly right in reversing these proceedings, for this error of the Justice, in allowing the Defendant's peremptory challenge to the juror Huntington, and setting him aside.

The judgment of the Supreme Court must be affirmed, with costs to the Respondent.

All affirm.

JOEL TIFFANY,
State Reporter.