In the Matter of the last Will of JAMES FOSTER, Jr., late of the City of New York, and the Trust Fund created thereby to raise an Income for the Benefit of MARY E. WHITTELSEY, and the Petition of MARY E. WHITTELSEY.

*Trustee — discharge of — Revivor.*

A proceeding to vacate an order discharging a trustee granted upon his petition, may, upon the death of such trustee, be revived and continued against his personal representatives. (Brady, J., dissents.)

Appeal from an order directing the representatives of Anthony L. Hoguet, deceased, to be made parties to this proceeding in the place of said Hoguet, who died pending a reference ordered on the application of his *cestui que trust* to have an order discharging said Hoguet as trustee opened, and for an accounting by him.

*Joshua M. Van Cott*, for the appellant. Except as provided by statute, the established course of equity is to proceed by bill to remove a trustee or permit him to resign. (*Quackenboss* v. *Southwick*, 41 N. Y., 117, 121; *In re Livingston*, 34 id., 555, 569; *In re Van Wyck*, 1 Barb. Ch. R., 565; 1 Barb. Ch. Practice [2d ed.], 579, and notes.) The order to revive the abated proceeding cannot be supported.

*Albert Cardozo*, for the respondent. The trustee had two methods of procuring his discharge, viz.: 1. By bill in equity; 2. By petition under the Revised Statutes. He chose the latter, but choosing it, he could not cut off the rights of the *cestui que trust* The cause of action against the order of discharge survived against the representatives of the deceased trustee. (*Graves* v. *Speir*, 58 Barb., 385; 2 R. S. [Edm. ed.], p. 457, §§ 1, 2.) And it was necessary to revive by suit. (Id., p. 19, §§ 107, 109.)

Davis, P. J.:

Anthony L. Hoguet was one of the trustees to carry out the provisions of the will of James Foster, Jr., and while acting as such

trustee he presented his petition to be relieved from the trust, and such proceedings were had that the prayer of his petition was granted. Some time after the order to that effect had been entered, Mary E. Whittelsey, the *cestui que trust* under the will, applied to have the proceedings by which Hoguet was discharged opened, upon allegations of an abuse of his trust in making improvident and improper investments, in respect of which she claimed an accounting. On this application an order of reference was made to ascertain and report the facts. Pending the reference, and while the investigation under it was proceeding, Hoguet died, and the *cestui que trust*, Mrs. Whittelsey, applied to have the representatives of his estate brought in as parties to the proceeding by an order of the court, which should revive and continue the proceeding for that purpose. The order was granted, and the executrix of Hoguet brings this appeal from the order.

The application of Hoguet to be relieved of the trust was properly made under the statute (1 R. S. [Edm. ed.], 680), and the court had jurisdiction in that form of proceeding. The order made was conclusive upon persons made parties to the proceeding, unless subsequently opened or vacated by the court or set aside for some alleged fraud, by a direct action for that purpose. It is not disputed but that the court had power to entertain the application of the *cestui que trust* to open the order, and investigate the allegations upon which she asked that to be done; but it is urged that the death of Hoguet arrested the proceeding and deprived the court of all power to continue it. We do not think that result follows. The direct object of the proceeding was to establish a personal liability against Hoguet, growing out of the alleged mismanagement of the trust, and the order of the court stood across the path of that proceeding. It was a complete answer to the claims and allegations of the *cestui que trust*, while it stood intact as a record of the court. The equity powers of the court were broad enough to entertain a direct application on broader grounds, than would uphold a suit to avoid the discharge for frauds; and it was not at all necessary to require the *cestui que trust* to resort to an action. In entertaining the application and directing the reference to ascertain the facts, the court acted within its clear equitable powers, and the *cestui que trust* acquired rights in the proceeding of which she

ought not to be deprived by the death of Hoguet. The proceeding directly affected his estate which, by his will, is now in the hands of his executrix. It is not perceived that any sound reason exists why the proceeding should not be continued. If sufficient facts are established upon the reference to call for the opening of the order, it certainly ought not to stand with the force of a judgment, to protect the estate of Hoguet from just liability to the *cestui que trust*. It is very true the provisions of the Code and of the statute touching the revivor of suits are, in strictness, applicable to actions *eo nomine*. But that does not deprive the court, we think, of its equitable powers on this proceeding to bring in the representative who has become interested in the question. It will be in the power of the court, and probably a proper exercise of its discretion, if it shall finally determine in this proceeding that the order of discharge ought to be opened, to direct an action to be brought by the *cestui que trust* against the representative for an accounting. That action will be, in that case, free from the embarrassment of the order, and may proceed upon other grounds than the fraud for which the order could be attacked by an action in the present posture of the case. I am of opinion that the order of the court below was correct, and that the representative of Hoguet was properly directed to be brought in. The order should be affirmed, with ten dollars costs and disbursements.

Brady, J. (dissenting) :

Anthony L. Hoguet was appointed one of the trustees to carry out the provisions of the will of James Foster, Jr., and after he had entered upon, and while discharging his duties as such trustee, he applied by petition, to be relieved from his trust, and such proceedings were had that his prayer was granted. Subsequently, and some time after the order to that effect had been entered, Mary E. Whittelsey, the *cestui que trust*, alleging an abuse of the trust power by Hoguet, arising from improvident investments, sought to have the proceedings by which he was released opened, and on application for that purpose an order of reference was made to ascertain and report the facts. During the investigation thus initiated, and before its conclusion, Hoguet died, and Mary E. Whittelsey applied to have the proceedings revived and continued against

his estate. The motion made for that purpose was granted, and the executrix appeals. The relief sought by Anthony L. Hoguet could have been obtained by bill in equity, or by petition under the statute. (Vol. 1, R. S. [Edm. ed.], p. 680.) He adopted the latter mode, and was successful. The application was a personal one, and all the proceedings by which it was, and is marked are also personal. It is summary in character, and has none of the attributes of an action. It addresses itself to the sound discretion of the court, which must be exercised with reference to the facts and circumstances disclosed by the petitioner, relative to the estate, and to his acts in the execution of the trust assumed. During his life, the court granting him relief would not lose jurisdiction of the subject or of him; but upon his death, and the consequent intervention of other and different rights and relations, jurisdiction by order to show cause founded upon petition, or any other summary method against his estate, is wholly unauthorized, either on principle or by precedent. The object of opening the proceeding is to enforce a claim against the estate. If the order discharging Hoguet be set aside, that result will form the basis of a demand, that his estate make good any loss arising from the improper use of the trust fund for which the testator would have been responsible.

This is not the manner in which such objects are accomplished. There is no provision by statute for such a purpose, and no precedent to that end in the manner stated has been cited or found. The laws affecting and controlling the revival of proceedings relate to actions, and not otherwise. (Vol. 1, R. S. [Edm. ed.], p. 680; Code, § 121; 2 Barb. Ch. Prac., 679, 686 [2d ed.].) The application of Hoguet was not an action, and the attempt to disturb the order made upon it, is not an action. His application was, as already suggested, a personal one, addressed to the discretion of the court, and not founded upon any right. It could be granted or denied. An action rests upon some right which the court is bound to respect, declare and enforce, and even the existence of these attributes does not always make the proceeding an action. If one be taken to dispossess a tenant, it is not an action. (*People* v. *Hamilton*, 39 N. Y., 107.) A proceeding under sections 372 or 376 of the Code is not an action, nor is a reference of a claim against the estate of a deceased person. Nor a motion for an injunction, nor for the

discovery of books, &c., nor a foreclosure by advertisement. (Voorhies' Code, cases collected [10th ed.], p. 10.) It follows from these views that the *cestui que trust* cannot, by this proceeding, attain the object in view, and that she must resort to the formal mode of presenting her case and asking the judgment of the court. This tribunal acquires jurisdiction by action only, over estates, save in the exceptional cases, expressly provided by statute. For these reasons the order made at Special Term should be reversed.

DANIELS, J., concurred in the opinion of DAVIS, P. J.

Order affirmed.