42 WEST 15TH STREET CORP., Landlord, Respondent, v. THEODORE S. FRIEDMAN et al., Tenants, Appellants.

Supreme Court, Appellate Term, First Department, June 14, 1955.

*Philip A. Paulson* and *Frank Moroze* for appellants.

*S. Sidney Heller* and *Otto A. Samuels* for respondent.

HOFSTADTER, J. The landlord, a corporation, which became the owner of the premises 42 West 15th Street, New York City, on February 15, 1955, instituted this summary proceeding on March 7, 1955, to recover possession of the fifth floor in the building, occupied by the tenants as statutory tenants. The tenants have been in possession since September, 1941, and conduct a printing business in which they use heavy machinery. The proceeding is brought under paragraph (1) of subdivision (d) of section 8 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) to recover possession for the immediate and personal use of the landlord's sole stockholder. The petition alleges that he proposes to carry on in the space sought the business of manufacturing, assembling and jobbing pearls and costume jewelry and that he possesses a 100% interest in this business.

On March 18, 1955, the tenants served a verified amended answer, as well as the notice of examination and demand for a bill of particulars vacated by the order appealed from. The examination was noticed for March 28th and the demand required service of the bill of particulars on or before March 23, 1955. At that time the trial had been set for March 30, 1955.

The motion to vacate the notice and demand was made and presumably granted on the ground that neither an examination before trial nor a bill of particulars is allowable in a summary proceeding. This is the only question discussed in the briefs. Since the items in the notice and demand are not challenged, they are assumed to be free from objection. The answering affidavit shows ample need for both the examination and the bill of particulars. This need being demonstrated, must the remedies be refused merely because they are sought in a summary proceeding?

The reason given in the past for refusal of examinations and bills of particulars in summary proceedings has been that undue delay would result and the proceedings thus lose their summary character. This reason appears to be largely illusory at the present time. In the first place, the attitude of the courts towards examinations before trial has changed radically. Today examination before trial in litigation is accepted almost as a matter

of course (*Dorros, Inc.,* v. *Dorros Bros.*, 274 App. Div. 11). Not alone does it prevent surprise, but it leads to more efficient trials. There is no danger of inordinate delay in a summary proceeding, for the date of the examination and its conduct with expedition are always within the court's control.

Nor should it be forgotten that a summary proceeding, despite its name, is nonetheless a judicial proceeding, and that the ends of justice ought not be sacrificed to speed. The contention that an examination before trial is hostile to the nature of a summary proceeding is especially inapplicable here. The proceeding, as stated, is brought under paragraph (1) of subdivision (d) of section 8 of the Commercial Rent Law. The final paragraph of this very section (subd. [m]) gives the court power to stay the issuance of a warrant "for a period to which shall not extend beyond six months following the time of commencement of the proceeding, or two months from the entry of the final order, whichever is longer". Since any delay incident to the examination could hardly prolong the period of this permissible stay, the landlord suffers no prejudice.

This court's ruling in *Wiener* v. *Regent Brand Clothes* (204 Misc. 231) is pressed on us. The court there relied on *Dubowsky* v. *Goldsmith* (202 App. Div. 818), a case in the Second Department decided by a closely divided court, not controlling on us. In my opinion, the importance of the rights determined in a summary proceeding such as this, the ever growing liberality towards examinations before trial and the stay of the warrant authorized by law all repel the conception that an examination is inherently hostile to the nature of this summary proceeding.

Sound principle forbids today a sweeping prohibition of all examinations before trial in summary proceedings. Insofar as the *Wiener* case so holds, we must decline to follow it. We hold instead that examinations may be allowed and that it is for the courts of first instance in their discretion so to control them as to prevent undue delay or abuse.

The foregoing applies equally to the demand for a bill of particulars. That a bill of particulars is not opposed to the philosophy of a summary proceeding is, perhaps, best shown by the provision in the rent law enacted after the first world war, which specifically required the landlord to give a bill of particulars when the defense that the rent was unreasonable and oppressive was interposed in a summary proceeding by the tenant (Civ. Prac. Act, § 1410, subd. 2-a; L. 1921, ch. 199, since repealed).

The order should be reversed, with $10 costs, and motion denied; the examination pursuant to the notice shall be held on June 16, 1955, at 10 A.M.; the bill of particulars pursuant to the demand shall be served on June 17, 1955.

SCHREIBER, J., concurs; HECHT, J., dissents on the authority of *Wiener* v. *Regent Brand Clothes* (204 Misc. 231).

Order reversed, etc.