Archibald C. Wemple, J.
The landlords ask for a summary eviction of the tenants. It should be noted that the landlords herein brought a previous proceeding by order to show cause returnable in this court on January 5, 1960. No answer was filed by the tenants and apparently the landlords have abandoned this earlier proceeding. They have now obtained a precept dated February 1, 1960 returnable February 1, 1960 at 2:00 p.m. on a new petition verified February 1, 1960.
The voluminous pleadings, affidavits, exhibits and memoranda filed herein indicate that the tenants herein took possession of the premises known as the second floor, 162 Jay Street, Schenectady, New York, originally under a lease dated May —, 1949 and expiring April 30, 1954. The tenants are still in possession of the premises and apparently desire to continue their *388 tenancy. The petition sets forth the usual allegations of ownership, lease to the tenants, rental reserved, failure of tenants to exercise option, refusal of tenants to renew lease, notice by landlord to tenants to quit and the holding of premises by tenants against the rights and without the consent of the landlords.
The answer to which this motion is addressed denies knowledge or information sufficient to form a belief as to the first allegation of ownership set forth in the petition; characterizes the 5th, 6th, 7th and 8th paragraphs of the petition as “ irrelevant, superfluous- and immaterial ’ ’ but does not admit or deny the same; characterizes the 9th and 10th paragraphs as argumentative and improper, but admits parts thereof; admits paragraph 11th, denying a part thereof; and denies paragraph 12th, admitting a part thereof. The answer then goes on to set forth, first, a complete defense, then a complete defense and counterclaim; and then a second complete defense and counterclaim. The counterclaims set up alleged overpayments of rent made by the tenants through inadvertence, without consideration and/or under mutual mistake of law and fact.
Over the 11 years since the inception of the tenancy and the commencement of the relationship of landlord and tenant under the lease, there have been many communications, negotiations and transactions between the parties thereto. The affidavits filed herein in connection with this motion reveal that the parties are pretty much in agreement as to the facts up to a point on or about November 1,1956. The parties agreed that the original lease called for rental payment of $150 per month from the beginning of the lease to October 30, 1950, and that thereafter, until April 30, 1954, the rental of $200 per month should have been paid by the tenants. It appears, however, that the tenants paid and the landlords accepted $150 per month rental until September or October, 1956, when the error was discovered. The parties conferred in a friendly fashion. They worked out a mutually acceptable compromise plan whereby the sum of $3,600, representing the accumulated rental deficiency, would be satisfied by the tenants paying monthly an additional sum over and above the current monthly rental. It is $3,200 of this sum that tenants claim in their counterclaims.
It also appears that in November, 1956 a new lease was offered to the tenants on or about November 1, 1956. It was executed by the agent of the landlords and by the tenant Leo Spira, but rejected by the tenant Max Hershkowitz. The tenants, a law partnership, still continued in possession with the consent and *389 acquiescence of the landlords. Then, on November 9, 1959 the landlords wrote a letter to the' tenants raising the rent to $325 per month effective November 1, 1959. Following, on December 2,1959 the landlords served a notice upon the tenants terminating the tenancy effective February 1, 1960. Therefore, since November 1, 1956 there have been a series of actions between the parties — communications, modifications and negotiations, the content, existence and effect of which are in serious dispute. These relate to questions of fact which can only be resolved on trial. Since, as indicated, there are questions of fact, it is obvious there must be a trial of the issues.
A review of the pleadings, opposing affidavits and memoranda does establish certain points upon which a ruling on the motion can and will be made.
The landlords’ motion to strike out from the tenants’ answer paragraph 3, is granted. The paragraph referred to is improper in form.
The landlords’ motion to strike out paragraph 4 of tenants’ answer is granted as to that part of that paragraph reading “ allegations in paragraphs ‘ Ninth and Tenth ’ same are argumentative and improper.”
The landlords’ motion to strike out tenants’ defenses and counterclaims contained in paragraphs 13 through 23 of the answer is granted.
The landlords’ motion for summary judgment is denied. Enter order accordingly.