Per Curiam.

A summary proceeding to recover possession of real property is not.an action within the purview of rule 113 of the Rules of Civil Practice but a special proceeding (People ex rel. Livermore v. Hamilton, 39 N. Y. 107; Handshke v. Loysen, 203 App. Div. 21; Civ. Prae. Act, §§ 1415, 1430, 1437, 1445) and summary judgment is not available therein on the issue of landlord’s right to possession (905 West End Ave. Corp. v. Peers, 118 Misc. 754; Macomber v. Wilkinson, 6 N. Y. S. 2d 608; Miressi v. Funicello, 277 App. Div. 931; Healy v. H. K. Realty Corp., 13 Misc 2d 447; cf. 8008 Realty Corp. v. Rubin, 85 N. Y. S. 2d 163; Alexander v. O’Brien, 6 N. Y. S. 2d 614; Trustees of Freeholders & Commonalty of Town of East Hampton v. De Angelis, 4 A D 2d 752).
The final order and order dated December 1, 1959 should be unanimously reversed on the law and facts, with $10 costs to the tenant and landlord’s motion for summary judgment denied.
Concur — Di Giovanna, Benjamin and Daly, JJ.
Final order reversed, etc.