Maurice Wahl, J.
The petitioner herein, the landlord of the premises located at 225 Broadway, Borough of Manhattan, seeks an order for summary judgment pursuant to rule 113 of the Rules of Civil Practice, and prays for (a) final order of possession and (b) money judgment for rent arrears from June, 1960.
The tenant, a statutory tenant, is an attorney occupying office space for the practice of his profession in the aforesaid building. The answer interposed by him contains a general denial and, inter alia, a counterclaim for $1,380 based on an alleged unreasonable diminution of services, namely, a refusal to paint the premises under an expired lease.
Rule 113 of the Rules of Civil Practice, by its own terms is limited to actions only. Section 4 of the Civil Practice Act defines “ action ” thusly: “ Actions are of two kinds, civil and criminal. The word ‘ action ’, when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense.” All other civil prosecutions are defined as special proceedings in section 5 of the Civil Practice Act.
Thus, at the outset, the court is called upon to determine whether rule 113 of the Rules of Civil Practice has application to what is commonly called a summary proceeding.
It is true that the approach in allowing practice applications and motions in summary proceedings is different in the First and Second Departments. (Hecht v. Maness, 23 Misc 2d 889 *939 [App. Term, 2d Dept., 1960] ; Dubowsky v. Goldsmith, 202 App. Div. 818 [2d Dept., 1922] ; 42 West 15th St. Corp. v. Friedman, 208 Misc. 123 [App. Term, 1st Dept., 1955] ; cf. Alexander v. O’Brien, 6 N. Y. S. 2d 614 [4th Dept.].) Nonetheless, this court is constrained to hold that if the summary proceeding is possessory only, then none of practice motions is applicable. It is the legislative intent that summary proceedings as such are meant not to be delayed. If, however, a money judgment for rent is sought, then a 11 summary proceeding-action ’ ’ is created. The amendment to section 1410 et seq. of the Civil Practice Act now seemingly permits this kind of hybrid ‘ ‘ proceeding-action ’ The Appellate Term of this Department, in Clark v. Newton (140 Misc. 510), discussed this most clearly and held that if delay is engendered, it would because the landlord created it by practice motions. The scope has been somewhat enlarged by the same court in 42 West 15th St. Corp. v. Friedman (supra). Thus the court here concludes that summary judgment would lie, notwithstanding the decision in Hecht v. Maness (supra), where it was held that a summary proceeding to recover possession of real property is not an “ action” within the purview of rule 113 of the Buies of Civil Practice. In the Third Department, the motion for summary judgment in a summary proceeding was decided on the merits, without discussing the point involved herein. (Graubart v. Spira, 22 Misc 2d 387.) It must be borne in mind that the purpose of a motion for summary judgment is to enable a party to obtain prompt relief when no triable issue is presented. However, in passing, the court observes that the time required to prepare proper motion papers and the probability that a triable issue will be presented makes it inadvisable to so proceed. Speedier action and determination may be had by the hearing or trial.
A careful examination of the moving and opposing papers indicates a triable issue, and thus the motion is denied.