Robert J. Trainor, J.
This is an appeal by the several tenants from final orders of the City Court of Mount Vernon made on June 11, 1962 in favor of the landlord against the tenants. The seven summary proceedings were consolidated for purposes of trial.
The landlord respondent has challenged the jurisdiction of this court to hear the appeal on the grounds that this is not the proper court to entertain such appeal. The tenants appellants contend that the County Court of Westchester is the correct appellate court for this appeal.
Section 1441 of the Civil Practice Act provides for appeals from final orders in summary proceedings to be taken ‘ ‘ in the same manner as where an appeal is taken from a judgment rendered in the court of which the judge or justice is the presiding officer ”. We must therefore look to the Mount Vernon City Court Act (see Mount Vernon City Charter, art. XIV; L. 1922, ch. 490) to determine the correct procedure. Section 218 of said City Court Act states that “ appeals * * * may be taken * * * from an order affecting a substantial right made in a special proceeding by the said city court or said city judge * * * to the appellate division of the supreme court in the judicial department in which the city of Mount Vernon is situated”. There is no specific provision in the act for appeals from summary proceedings such as is contained, for example, in the Yonkers City Court Act. The Appellate Division, Second Department in Matter of Seabring v. School Thrift Inc. (14 A D 2d 793) dismissed such an appeal to it from the City Court of Yonkers, stating that the proper court for such an appeal was the County Court. The instant case differs in that no provision exists for appeal from a summary proceeding in the Mount Vernon City Court Act, and such act must be taken as it exists.
This court must now decide whether or not a “ summary Proceeding ” is an “ action ” or a “ special Proceeding ” within the purview of section 218 of the Mount Vernon City Court Act. “ [A] summary proceeding * * * has always been regarded as a special proceeding, rather than as a civil action within the meaning of the Civil Practice Act ”. (14 Carmody-Wait, New York Practice, p. 254; People ex rel. Livermore v. *1041 Hamilton, 39 N. Y. 107; Handshke v. Loysen, 203 App. Div. 21.) Sections 1415 and 1430 of the Civil Practice Act specifically refer to summary proceedings as “ special proceedings ”. In this Judicial Department the Appellate Term as late as 1960 stated that a summary proceeding to recover possession of real property is not an action but a special proceeding. (Hecht v. Maness, 23 Misc 2d 889.)
In view of the provisions of section 218 of the Mount Vernon City Court Act and the determination that this appeal is one of a special proceeding rather than an action, this court finds itself without jurisdiction to hear and rule on the appeal.
The appeal is therefore dismissed with leave to the tenants to prosecute same in the proper forum within 20 days after service upon their attorneys of an order with notice of entry thereon.