Maurice Wahl, J.
This is a motion by the landlord corporation, the petitioner herein, to vacate a notice for the examination before trial of an officer of the landlord corporation by the tenants, who are husband and wife. The landlord requests a final order in what is denominated as a nonpayment proceeding. The relationship between the parties here arises out of a purchase of stock in the landlord corporation and a so-called proprietary lease: in short, the usual co-operative plan. The landlord claims that the tenants have not paid the “ rent ” and other charges levied against them by the landlord corporation *464 for the months of June, July and August, 1963 plus other small arrearages and thus prays for a final order awarding the landlord possession of the premises and a money judgment for $2,644.65.
The papers reveal that the tenants purchased an apartment for $60,000 at 180 East End Avenue, Borough of Manhattan, and spent approximately $90,000 for furnishings and improvement and claim that certain damages have occurred through the landlord’s failure to properly maintain the building. Inter alia, it appears that there is a pending undetermined action between these parties in the Supreme Court based upon fraud. Thus, the financial responsibility does not appear to be the prime factor in this summary proceeding.
The tenants joined issue and, in addition to categorical denials, assert six separate defenses and two counterclaims. G-enerally speaking, the rule in this Department admits of examinations before trial in summary proceedings (42 West 15th St. Corp. v. Friedman, 208 Misc. 123). The extended liberal practice (Civ. Prac. Act, § 228; Bules Civ. Prac., rule 121-a) extends to all litigation and the latter is not a game to be conducted or won by confusion, embarrassment, trickery or suppression. The modern concept is for the parties to “ reveal rather than conceal” (cf. Fed. Bules Civ. Pro., rule 30) to the end that no party should be taken by surprise at the trial and that a just result be obtained (Doblin v. Hebrew Children’s Home, 135 Misc. 229; Globe Elevator Co. v. American Molasses Co., 207 App. Div. 9).
While ordinarily in a nonpayment proceeding little if any need for an examination before trial could be shown, this proceeding is an exception. The ‘ ‘ rent ’ ’ claimed here is variable in the sense that it is fixed by the landlord corporation as its needs require and the tenants as owners of the landlord corporation contribute such amounts. This court has held in Flobar Realty Corp. v. Rodin (28 Misc 2d 938) that this is a “ hybrid ” type of action-proceeding and that all the practice requirements and privileges are applicable.
The new Civil Practice Law and Buies became effective September 1,1963 and section 104 of article 1 provides that said law and rules shall be liberally construed to secure a just, speedy and inexpensive determination in every civil judicial proceeding. The latter term is defined by subdivision (d) of section 105 and is broad enough to embrace summary proceedings. The court concludes that the landlord’s motion to vacate the motion to examine before trial is thus untenable and must be and hereby is denied as to item I thereof.
*465 The notice provides for the examination of an officer of the landlord corporation and also requires the production of the original proprietary leases dated September 13,1961, the brochure issued by the landlord, the by-laws and minutes of the meetings of the board of directors and the figures with respect to the cost and maintenance of the apartments. The landlord in its motion to vacate maintains: (1) That there is no sanction-at law to allow examinations in proceedings of this character; (2) that the examination sought herein is not material or necessary; (3) that the examination sought herein is a fishing excursion and unduly burdensome on the landlord; and (4) that the notice of examination is improper in that it designates officers of the landlord to be examined, it does not set forth the items on which they are to be examined, it is unduly broad and contains items which are not germane herein and which are set forth solely to harass and burden the landlord.
Since this motion must be decided under the Civil Practice Law and Rules, effective September 1, 1963, as it applies to pending proceedings (art. 1, § 101), its scope is determinable thereunder (CPLR, § 10003). Items 2, 3 and 4 are controlled by and fall within the scope of section 3101 of article 31 of the Civil Practice Law and Rules. It appears that none of the prohibited matters are involved in this simple proceeding; the statutory command is for ‘‘ full disclosure of all evidence material and necessary ” for prosecution or defense. Section 3102 permits deposition by notice. If during the course of the examination or deposition any protective order is required, application therefor may be made (CPLR, § 3103).
The matters in issue both under the denials and defenses may be aided by full disclosure by the examination (CPLR, art. 31, § 3101).
Prior to the adoption of the Civil Practice Law and Rules, examinations tending to show invalidity in landlord and tenant proceedings were available (Ainsworth v. Cooper Underwear Co., 227 App. Div. 837). The defense asserted, if proven, may show, although no opinion is expressed thereon, sufficient breach on the landlord’s part or it may establish invalidity sufficient to defeat this proceeding.
The motion, therefore, is denied in its entirety.