George Tilzer, J. P.
A holdover summary proceeding was instituted in the court below upon the ground that the tenants held over and continued in possession of Apartment MD at 280 First Avenue, without the permission of the landlord after the expiration of the tenants’ term. The tenants interposed an' answer which, in addition to demanding a trial by jury, contained an affirmative defense stating in substance that the landlord refused to renew the lease made between the parties and terminated the tenancy solely upon the ground that the tenants have children and that this alleged unsanctioned and unauthorized discrimination against children is in violation of law.
The landlord thereupon brought on a motion to grant it summary judgment pursuant to CPLR 3212; to dismiss the affirmative defense pursuant to subdivision (b) of 3211 CPLR; and to vacate the tenants’ demand for trial by jury. The court below denied the motion in its entirety holding (1) that 3212 does not lie in a summary proceeding; (2) that the defense moved against pursuant to subdivision (b) of 3211 should stand and that the sufficiency of such defense should be explored at the trial; and (3) that the tenants were entitled to a jury trial. In denying summary judgment the Judge below was. of the *640 opinion that the Legislature in enacting the CPLR and the Real Property Actions and Proceedings Law did not contemplate that summary proceedings would be included under 3212; that summary proceedings are summary in nature and that section 745 of the Real Property Actions and Proceedings Law “ specifically states that the court must set a proceeding down for trial not more than 10 days after issue has been joined, except by consent of the parties ’ ’; and that ‘1 for that matter motions for judgment on the pleadings and other procedural remedies are not applicable to a summary proceeding.”
The opinion of the court below that summary judgment does not lie is, of course, entitled to weight. Such belief, moreover, is the generally accepted one, reiterated by the courts because of the initial limitations of the summary judgment rule as well as by reason of the statutory nature of the summary proceeding. It was felt that the summary proceeding remedy must be strictly followed and that there could be no departure from the mode of trial and disposition of issues provided by the statute. The summary nature of the proceeding, it was held, precluded the interposition of any procedural devices which might be contrary to the statutory scheme or result in delay in pursuing the remedy.
But while the statutory requirements had to be met in the prosecution of the proceeding, it would seem that we lost sight of the evil which gave rise to the remedy and of the design of the statute to afford a ‘ ‘ landlord with a simple, expeditious and inexpensive means of regaining possession of his premises ” (Reich v. Cochran, 201 N. Y. 450, 454). We failed to heed the admonition of the Court of Appeals that summary proceedings were not to “be so hypercritically restricted as to destroy the very remedy which they are designed to afford.” (Reich v. Cochran, supra, p. 455.)
Not that some courts did not appreciate that a summary proceeding should not be insulated from those procedural tools invented for the purpose of attaining “ more efficient trials.” (42 West 15th St. Corp. v. Friedman, 208 Misc. 123, 125 [App. Term, 1st Dept., June, 1955].) Judge Hofstabter wrote in the case cited, in overruling the Municipal Court, that neither an examination before trial nor a demand for a bill of particulars ‘ ‘ is inherently hostile to the nature of this summary proceeding.” (p. 125). Other courts, distinguishing between a summary proceeding and a summary proceeding-action, held that the practice motions were not applicable to the former but were applicable to the latter (cf. Matter of Flobar Realty Corp. v. Rodin, 28 Misc 2d 938 [1961] [Wahl, J.]). Where, in other *641 cases, it appeared that there were no questions of fact in issue, while paying lip service to the principle that summary judgment would not lie in a summary proceeding, the same result was achieved by treating the motion as made pursuant to other provisions of the Rules of Civil Practice (cf. Stewart v. Strauss, 11 Misc 2d 433 [1958] [Henry Silverman, J.]). In the Third Department, on the other hand, the landlord’s motion for summary judgment was treated on the merits; there being questions of fact, the motion was denied (Graubart v. Spira, 22 Misc 2d 387 [1960] [Wemple, J.]).
Are we not hypercritical in holding that a motion for summary judgment is not applicable to a summary proceeding? It would seem that since the purpose of the summary proceeding is to provide a means for an expeditious determination, anything which will afford even speedier justice is not opposed to the philiosophy of the summary proceeding. The summary judgment procedure has been in existence in England for over a century. In New York it has had a vigorous life of some 40 years and its benefits are well recognized. We are encouraged, moreover, to exercise the power in the future without timidity to the end that justice will be promoted, our calendars shortened and legitimate claimants afforded an early day in court. (Di Sabato v. Soffes, 9 A D 2d 297.)
Are we prohibited nevertheless from applying the summary judgment motion to summary proceedings? The answer is, we believe, that there is no inhibition whether the ban be pressed on constitutional, statutory, policy, or other grounds. The proceeding is not sacrosanct, immune from all change. So long as jurisdiction is obtained and provided, where required, that the ultimate determination of issues of fact by the jury he not interfered with, changes in forms of practice and procedure may be adopted to the end that the remedy will fulfill its purpose of providing ‘1 the landlord with a simple, expeditious and inexpensive means of regaining possession of its premises ”. (Reich v. Cochran, 201 N. Y. 450, 454, supra.)
A summary proceeding, moreover, is embraced within the scope of the summary judgment procedure by virtue of the changes affecting the proceeding as well as by the expansion of the motion to any action except matrimonial actions (Real Property Actions and Proceedings Law, § 745; CPLR 103, subd. [b]; 105, subd. [b]; 409, 410, 3212). Particular note must be made of the language of section 745 of the Real Property Actions and Proceedings Law (art. 7 of the Real Property Actions and Proceedings Law replacing art. 83 of the Civ. Prac. Act, efif. Sept. 1, 1963) concerning the trial of a summary *642 proceeding that “ Where triable issues of fact are raised, they shall be tried by the court unless, at the time the petition is noticed to be heard, a party demands a trial by jury, in which case trial shall be by jury”. (Italics added.) Section 1428 of the Civil Practice Act, on the other hand, provided with regard to a trial that “ The issues joined by the petition and answer must be tried by the judge or justice, unless either party * * * shall demand a jury”. (Italics added.) True, as the court below said, section 745 requires that the court set the proceeding down for trial within 10 days, but, and this is all important, only where triable issues of fact are raised.
In the absence of triable issues of fact, a party is not entitled to a trial in the usual course. Nor would a party’s right to a trial be necessarily preserved because the contract in issue contained provisions for trial by jury. As the Supreme Court of the United States said in Ex Parte Peterson (253 U. S. 300, 309-310) some 44 years ago: “ The command of the Seventh Amendment that ‘ the right of trial by jury shall be preserved ’ does not require that old forms of practice and procedure be retained. Walker v. New Mexico d Southern Pacific R. R. Co., 165 U. S. 593, 596. Compare Twining v. New Jersey, 211 U. S. 78, 101. It does not prohibit the introduction of new methods for determining what facts are actually in issue, nor does it prohbiit the introduction of new rules of evidence. Changes in these may be made. New devices may be used to adapt the ancient institution to present needs and to make of it an efficient instrument in the administration of justice. Indeed, such changes are essential to the preservation of the right. The limitation imposed by the Amendment is merely that enjoyment of the right of trial by jury be not obstructed, and that the ultimate determination of issues of fact by the jury be not interfered with. ™ * * No one is entitled in a civil case to trial by jury unless and except so far as there are issues of fact to be determined.”
The summary judgment device is applicable to summary proceedings. Its utilization in the Civil Court should save the time of litigants, attorneys, witnesses, and the court itself. Its use in this instance is most appropriate. A landlord in the position of appellant may terminate a tenancy for any reason or without reason. Assuming, nevertheless, as well we might, that the defense pleaded, if substantiated, might serve to defeat the proceeding, the vague innuendoes and conclusions set forth in the opposing affidavits below failed to set forth any facts showing that the tenants have a real defense. The landlord, moreover, although not required to establish its *643 reason for refusing to renew the lease, stated, among other things, that since 1948 these tenants on 85 occasions had paid their monthly rent on or after the 11th day of the month in which the rent was due, necessitating the preparation and service of many demand notices on the tenants. The motion of the landlord for summary judgment should have been granted.
The court below, however, as pointed out, in considering the motion under subdivision (b) of 3211 (“A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated”) was of the view that “ This defense whether sufficient or insufficient as claimed by either party here should be explored and disposed of by the court at the trial.”
The day when the question was whether the cause of action or defense was properly pleaded has passed. No longer will an insufficient claim withstand a challenge of legal insufficiency because the allegations of the pleading are technically correct. The focus of inquiry has shifted. We have moved from the face of the pleading to the substance behind the facade. ‘ ‘ Upon the hearing of a motion made under subdivision (a) [to dismiss cause of action] or (b) [to dismiss defense], either party may submit any evidence that could properly be considered on a motion for summary judgment and the court may treat the motion as a motion for summary judgment.” (CPLR 3211, subd. [c].)
As has been noted, while the courts were reluctant to apply the summary judgment procedure to summary proceedings, no hesitation was shown in entertaining motions directed to the sufficiency of the pleadings. In the circumstances and irrespective of whether a motion for summary judgment does lie in a summary proceeding, the applicability of CPLR 3211 to summary proceedings cannot be questioned. If ‘ ‘ exploring ’ ’ is to be done, the ground is to be covered here and now in answer to the motion by showing that the tenants have in fact a substantial ground of defense. As we have observed, the tenants failed in this showing.
There being no fact in issue requiring a trial, the question of whether the jury waiver provision was projected into the month-to-month tenancy is of no moment.
The order should be reversed, with $10 costs and motion for summary judgment granted striking out the answer of the tenants and awarding possession of the property sought to be recovered herein to landlord, with costs.
Hoestadter and Hecht, JJ., concur.
Order reversed, etc.