In the Matter of STEER INN REALTY CORP., Petitioner, *v.* RAYMOND A. BOWEN et al., Respondents.

District Court of Suffolk County, February 9, 1967.

*Cahn & Cahn* for petitioner. *Maurice F. Behrens, Jr.,* for respondents.

FRANK P. DE LUCA, J. The primary question raised by the petitioner's motion is whether the respondents are entitled to a bill of particulars and examination before trial in this summary proceeding based upon hold-over by the tenant. The petitioner alleges expiration of the respondents' term, resulting from the respondents' failure to comply with the requirements of a certain sublease and franchise agreement, termination of the said sublease and franchise agreement and notification of termination

964

by the petitioner. The petitioner alleges that the respondents "failed, refused and neglected, despite repeated demands of the petitioner * * * to comply with the essential terms of the franchise agreement and the sublease ". Annexed to the petition is a copy of the lease marked " Exhibit A " and a copy of the franchise agreement marked " Exhibit B ". Also annexed to the petition are a series of letters, referred to in the petition, which enumerate the alleged defaults by the respondents, notify respondents that all defaults must be cured within 10 days, terminate the sublease and franchise agreement and give notice to respondents to vacate.

The petitioner in resisting respondents' demand for an examination before trial, relies upon *Dubowsky* v. *Goldsmith* (202 App. Div. 818). In this case, decided June 29, 1922, the Appellate Division held that an examination of parties before trial is not permissible on summary application by the landlord to recover possession of real property on the grounds that such examinations are contrary to the spirit and intent of the Legislature in providing a summary remedy. It is to be noted however that the Appellate Division also based its decision upon the existence of a statute which directed a bill of particulars in summary proceedings, for the court in holding that examinations before trial are not permissible in a summary application, states as follows (p. 819) : " Especially in this case is this so, as the statute directs the landlord to verify a bill of particulars by means of which the question of the unreasonableness of the rent can be more speedily determined ". It is to be noted further that apparently the case involved a summary proceeding based upon nonpayment of rent involving the issue of unreasonableness of the rent, as distinguished from the case at bar, which involves the complexity of a sublease dependent upon a franchise agreement and alleged defaults of the terms of these agreements. In *Matter of Myers* v. *Blaise* (18 A D 2d 745) decided by the Appellate Division on December 28, 1962, the court refused to follow the holding of *Dubowsky* v. *Goldsmith* but elected to follow the decision of the Appellate Term in the case of *42 West 15th St. Corp.* v. *Friedman* (208 Misc. 123), decided June 14, 1955, where it was held that an examination before trial and bill of particulars were allowable in summary proceedings, where ample need was shown. Justice HOFSTADTER, in *42 West 15th St. Corp.* v. *Friedman* in his opinion, stated as follows:

" The reason given in the past for refusal of examinations and bills of particulars in summary proceedings has been that undue delay would result and the proceedings thus lose their summary character. This reason appears to be largely illusory

at the present time. In the first place, the attitude of the courts towards examinations before trial has changed radically. Today examination before trial in litigation is accepted almost as a matter of course (*Dorros, Inc.* v. *Dorros Bros.*, 247 App. Div. 11). Not alone does it prevent surprise, but it leads to more efficient trials. There is no danger of inordinate delay in a summary proceeding, for the date of the examination and its conduct with expedition are always within the courts control ".

Sound principle forbids today a sweeping prohibition of all examinations before trial in summary proceedings. The answering affidavit shows ample need for both the examination and the bill of particulars. However, some of the items in the bill of particulars have been challenged and are not free from objection.

The purpose of a bill of particulars is merely to explain and make definite the allegations set forth in the pleading, and thus to limit proof to be offered at trial by apprising opponent of nature of the proof he will have to meet, or in other words, to ascertain facts, not as they actually exist, but as the party from whom the bill is sought will claim them to be when called upon to prove his case, irrespective of the adversary's knowledge thereof. (*Rakov* v. *Gingold*, 23 Misc 2d 725.)

Items one and two, objected to by the petitioner, should be modified since detailed information and evidence may be sought at the examination before trial.

Upon the foregoing respondents shall be and are entitled to an examination before trial upon notice together with a bill of particulars.