Maurice Wahl, J.
This ex parte application for an examination and discovery pursuant to CPLR 3102 (subd. [c]), as a prelude to a summary proceeding, presents a novel question without precedent, and thus requires some elucidation.
St. Andrew Associates, the landlord of the building at 1372 Sixth Ave., New York, N. Y., is seeking herein by way of this application to notice the following companies: Pepsi-Cola, Coca-Cola, Ward Baking, Bond Baking, Arnold Bread Co., Pepperidge Farm Bread Co., and others, for oral examinations and to produce certain records, books and bills, relating to their sales of goods to Abel Food Mart, Inc., one of St. Andrew’s tenants. In addition, St. Andrew Associates seeks to notice for examination the person making deliveries of supplies from each company to said tenant. Applicant is requesting the above discovery prior to the commencement of a summary proceeding against its tenant, Abel Food Mart, Inc.
The petition alleges that petitioner is a landlord and that its, tenant’s lease, as therein shown (Exhibits A and A-l) provided that the rental ivuuld be a percentage of the tenant’s gross sales against a guaranteed minimum rent. The petition further alleges that very little overage is shown or collected, by reason of the tenant’s bookeeping methods, more fully described in the petition. Thus, concludes the petitioner landlord, it is not receiving the full rental for the demised premises and the tenant is in effect breaching the lease. Further allegation is made that substantial supplies of edibles to the tenant should be discovered to show their billings to the tenant. What is alleged is that the tenant records the actual sales, but pays out of the receipts the cost of merchandise, and thus records only the net remaining as its sales; whereas the lease requires *1081 the percentage to be computed on the gross sales. A report made by the tenant for a six months’ period in March, 1968 indicated sales in the amount of $284,544; whereas an examination made by the petitioner’s accountant disclosed a wide discrepancy favoring the tenant. The suppliers are not accused of any wrongdoing, but petitioner maintains that the tenant is deliberately misrepresenting the true amount of the gross sales. An audit has proved unsatisfactory and petitioner, desiring to commence a summary proceeding, seeks this discovery of third parties or witnesses to establish the rental due.
The thrust of CPLR 3102 (subd. [c]) is to allow such discovery for purposes of “framing a complaint” not to ascertain the amount of damages.
The petition herein makes it plain that petitioner knows its cause of action and has sufficient facts at least prima facie to make out its pleading. There but remains the ascertainment of damages. There is no prohibition to the pretrial procedures in summary proceedings; after issue is joined they may be used. Thus no “aid in bringing an action” (CPLR 3102, subd. [c] and CCA, § 1101) appears necessary. In 42 West 15th St. Corp. v. Friedman (208 Misc. 123) the Appellate Term, First Department allowed pretrial procedures where need is shown. In that decision the court washed away any vestige of authority remaining in Wiener v. Regent Brand Clothes (204 Misc. 231).
Khuri v. Kellogg Co. (13 A D 2d 633) is of no aid to petitioner (see dissenting opinion of Breitel, J.); there the application was to “frame a complaint”. At bar that need is not so. Only the amount of damages must be ascertained. Therefore it follows once the action is commenced petitioner can avail itself of all the pretrial procedures required. It is more proper to do so therein. These prospective witnesses will have to be examined and their testimony adduced at the trial. There appears to be no valid reason to indulge twice in the same matter. Perhaps the petitioner’s strategy is to apply pressure on its tenant by ex parte examining these witnesses, who supply tenant, and who may exert pressure on the tenant to disclose its correct records or bills which reflect the gross sales, upon which the rental is computed.
In light of the advanced thinking of permitting pretrial discovery procedures (42 West 15th St. Corp. v. Friedman, supra) there is no need for this application. It is therefore denied in all respects.