OPINION OF THE COURT
Diane A. Lebedeff, J.
In this nonpayment proceeding, a motion to dismiss for lack of personal jurisdiction has been made on behalf of the respondent. The motion was returnable on the first day the case was on the calendar and it was made after the filing of a pro se answer. The petitioner has taken the position that this motion is untimely and precluded under CPLR 3211.
The sequence of events relating to the motion are clear. A timely pro se answer was filed with the clerk of the court, raising a defense of a breach of the warranty of habitability. By the close of the following day, the tenant consulted an attorney and the attorney prepared and served a motion to dismiss based upon a claim of improper service of the petition and notice of petition. The motion was personally delivered to the petitioner’s counsel on that same day. This motion was served within the time allowed to answer the petition.
The petitioner urges that the motion be dismissed pursuant to CPLR 3211 (subd [e]), which generally precludes *277 raising a jurisdictional defense after failing to raise the issue in a responsive pleading.
When, as here, an oral pro se answer is filed with the clerk pursuant to the special provisions of the RPAPL 732 and the question of jurisdiction is otherwise properly raised by motion returnable on the first day the case is on the calendar, the court finds that a jurisdictional issue may be so raised in a summary proceeding.
First, the instant motion to dismiss was presumptively received prior to the pro se answer for there is no allegation that the petitioner received or was aware of the answer prior to receipt of the moving papers. Given that pursuant to RPAPL 732, a pro se answer is filed with the clerk and the petitioner is notified by mail of the entry of an answer, it is certainly to be anticipated, from the perspective of counsel for both parties, that a motion would be received before or at approximately the same time as the notice of an answer. Thus, in terms of actual notice, it appears that the petitioner received all to which one is entitled under the CPLR.
Second, the jurisdictional question was raised without delay. The facts here are very different from those present when a belated jurisdictional defense in a summary proceeding is raised after a failure to appear for trial, as in H & R Bernstein v Garnett (NYLJ, Oct. 31,1978, p 4, col 1), or after several appearances on the Trial Calendar, as in Century Tower Assn, v Giampa (NYLJ, Jan. 15,1979, p 16, col 4).
Third, the same result could have been achieved by moving to amend the pro se answer to correct an omission, mistake or defect under CPLR 2001, as applicable to any civil proceeding, or under CPLR 405, as applicable to a special proceeding. As noted in Rasch, New York Landlord and Tenant (Summary Proceedings, vol 3 [2d ed], § 1295), such an amendment is generally allowable in summary proceedings. Indeed, from the viewpoint of the court, a simple and direct motion to dismiss for lack of personal jurisdiction, which brings on a traverse hearing in the most expeditious fashion, is more consistent with the purpose of a summary proceeding and, for that reason, might *278 well be preferred to a motion to amend the answer. See, generally, Metropolitan Life Ins. Co. v Carroll (43 Misc 2d 639), for a discussion of the development of procedural forms which encourage simple, inexpensive and expeditious conduct of summary proceedings.
Finally, it does not serve the interests of the administration of justice to deny the making of a motion to dismiss when, as here, the affidavit in support of the motion to dismiss goes beyond mere conclusionary allegations of lack of proper service. Although rampant and frequent claims of what caqie to be known as “sewer service” ceased some years ago and the licensing of process servers has had its beneficial influence, it behooves a court which hears summary proceedings to scrutinize detailed allegations of impropriety of service. Because the issue has been raised at the threshold of the proceeding and does not appear to be used merely to postpone the day of reckoning, such allegations should be granted a hearing.
Under these circumstances, the court holds that the jurisdictional issue has been properly raised. A traverse was held pending a determination on the petitioner’s objection.
At that traverse, the tenant credibly testified that she was in the apartment while the pleadings were posted on her door. The testimony of the process server that he made an attempt to gain admittance to the apartment prior to posting the process was not credible. The court finds that service was not lawfully accomplished for no “reasonable application” was made as required by RPAPL 735. (See Leonard Max, Inc. v B & S Mgt. Co., NYLJ, Jan. 15, 1979, p 16, col 3.)
The court therefore grants the motion to dismiss the petition. The petition and counterclaim are dismissed without prejudice to either party.