OPINION OF THE COURT
David B. Saxe, J.
Although it is a well-established rule that the nature and purpose of summary proceedings are such that disclosure should rarely be granted, where the summary proceeding concerns complex rent escalation charges billed as “additional rent” under the terms of the lease, covering an extensive time period, a presumption in favor of permitting discovery should be indulged in by a court.
The respondent seeks discovery and inspection of certain records that purportedly relate to the petitioner’s claim for operating expenses, electricity, real estate tax and porters’ wage rate escalations, which are defined as “additional rent” under the lease. Additionally, the respondent requests leave of court to take a deposition of a particular individual possessing knowledge of the operating expenses and escalation charges sought in this action.
The petitioner claims that discovery should not be permitted. First, with respect to electric consumption and the increase in the porter wage rate, it contends that the rights of the respective parties are clearly delineated in the lease. It is further noted that paragraph 36 of the lease defines *282 the wage rate by utilizing the minimum regular hourly wage rate of porters pursuant to a collective bargaining agreement between the Realty Advisory Board on Labor Relations, Inc., and Local 323 of the Buildings Employees International Union AFL-CIO. The petitioner maintains that the court should take judicial notice that this information is of public knowledge and can be obtained by review of the books published jointly by the Real Estate Industry Association and Local 323. Thus, the petitioner contends that the respondent has failed to establish any need for discovery.
This is not a simple action for rent as the petitioner characterizes it. Rather, it is a relatively complex contract action involving the interpretation of agreements, the application of various mathematical formulae and the establishment of proof of numerous individual items collectively composing operating expenses.
There is no “arbitrarily sweeping prohibition” of disclosure in summary proceedings (Gioiello v Schutz, NYLJ, Oct. 31, 1973, p 19, col 8). Rather “[t]he phrase ‘Material and Necessary' (CPLR 3101 [a]) is to be liberally construed to require disclosure of any fact bearing on the controversy.” (Supra; New York City Housing Auth. v Otero, NYLJ, Sept. 20, 1976, p 11, col 1 [App Term, 1st Dept]; accord 301 Realty Co. v Clemmons, NYLJ, Oct. 9,1981, p 6, col 1; see, also, ZH Control Co. v Small, NYLJ, Oct. 5,1978, p 7, col 2; Atkinson u Trehan, 70 Misc 2d 612; 180 Tenants Corp. v Ungar, 40 Misc 2d 463; Gluska v Kirshman, NYLJ, July 1, 1980, p 12, col 1 [App Term, 2d Dept]; Romanysn v Osofsky, NYLJ, Aug. 5, 1980, p 11, col 1 [App Term, 2d Dept].)
As previously stated, the portion of rent here at issue is variable from year to year and involves the interpretation of a somewhat complex agreement and the application of various mathematical formulae. Under these circumstances, the respondent is entitled to the discovery sought in order to determine the propriety of the charges currently billed.
It cannot be said that the disclosure sought here will result in prejudice to the petitioner. The respondent has paid and will continue to pay the monthly base rent which *283 it does not dispute. This proceeding involves only electricity, operating expenses and taxes alleged to be due and owing. In sum and substance, this action is similar to a contract action for which discovery is eminently suited and proper.
I principally hold that where, as here, the rent or a portion of it is variable from year to year, involves the interpretation of a complex lease agreement and the application of various mathematical formulae, a presumption in favor of disclosure should be entertained by a court hearing an application under CPLR 408.
Alternatively, under the rule of Antillean Holding Co. v Lindley (76 Misc 2d 1044), discovery should only be granted in summary proceedings where ample need is shown. Since the respondent has demonstrated “ample need”, disclosure is warranted.
Too often, summary proceedings have become too summary. It should not be forgotten that a summary proceeding, despite its name, is nonetheless a judicial proceeding that the ends of justice should not be sacrificed to speed.