■ LEWIS J. SAUL et al., Appellants, v 476 BROADWAY REALTY CORP. et al., Respondents. [735 NYS2d 538] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 11, 2001, which granted defendants' motions for summary judgment dismissing the verified amended complaint, and denied plaintiffs' cross motion for leave to serve a second amended verified complaint and for discovery pursuant to CPLR 3212 (f), unanimously affirmed, with costs.

Plaintiffs, a shareholder in defendant cooperative corporation and the proposed purchaser to whom she had contracted to transfer her shares and proprietary lease, allege that the cooperative corporation and defendant shareholders wrongfully refused to consent to the proposed transfer. The cooperative corporation's building has no certificate of occupancy for residential use, and, under a zoning resolution passed pursuant to Multiple Dwelling Law article 7-B, its loft apartments may lawfully be occupied as residences only if used as joint living and work quarters by artists certified by the New York City

Department of Cultural Affairs. Although the proposed transferee (Saul) does not claim to qualify for such artistic certification, the contract of sale provides that, pursuant to a license agreement, he would occupy the subject apartment together with a "friend" (Stefan) who does have such certification. Saul and Stefan are not related. The license agreement provides, inter alia, that it is terminable at will upon the occurrence of an event that would end the need for having Stefan live in the apartment to render Saul's residence lawful, that Stefan will pay the nominal rent of $100 per month, that Stefan is not permitted to have even his wife live with him in the apartment, and that Stefan is not permitted to have any direct contact with the cooperative corporation.

We affirm the motion court's grant of summary judgment dismissing the complaint on the ground that the present record establishes, as a matter of law, that the arrangement for Saul and Stefan to share the apartment was a sham intended to circumvent the legal requirement that the apartment be used as joint living and work quarters by a certified artist, and the transfer to Saul therefore would have been unlawful even if approved by the cooperative corporation. Defendants' moving papers made a compelling prima facie showing that Stefan had no intention of actually moving into the apartment and that the arrangement was therefore a sham, yet plaintiffs did not submit any affidavit by Stefan in opposition to the summary judgment motions, or any other evidence that might negate the inference of sham. Since the desired transfer of the shares and proprietary lease to Saul is the basis of all the relief plaintiffs seek in both the amended and proposed second amended complaints, and since that transfer could not lawfully have been carried out, defendants were properly granted summary judgment as to the entire complaint, and the cross motion to further amend the complaint was correctly denied, without need to consider the various causes of action individually. The cross motion was also correctly denied insofar as it sought discovery pursuant to CPLR 3212 (f).

In view of the foregoing, we need not reach the parties' other arguments. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.