OPINION OF THE COURT
Joseph E. Capella, J.
This is an owner occupancy holdover proceeding in which, by *554 notice of cross motion dated June 11, 2004, the respondent seeks summary judgment and dismissal of the proceeding.[1] Pursuant to the notice of nonrenewal/termination notice, dated October 16, 2002, the petitioners seek recovery of the subject premises in order to combine it with an adjacent apartment and use the combined apartment as a single primary residence. There is no dispute that the subject premises is a “joint living-work space for artist,” that occupancy of the subject premises is restricted to an artist certified by the New York City Department of Cultural Affairs (DCA), and that the premises must include adequate work space reserved for the artist. (NY City Zoning Resolution, art I, ch 2, § 12-10.) There is also no dispute that, unlike the petitioners, the respondent is a certified artist. According to the affidavit in opposition by petitioner, Jeffrey Kamen, he is in the process of preparing an application for submission to DCA in order to obtain his artist certification, and is prepared to amend his plans for the subject premises to reflect “joint living-work” quarters.[2]
In most summary judgment motions, the court is asked to determine whether there exists an issue(s) of fact (Esteve v Abad, 271 App Div 725 [1st Dept 1947]); however, there are instances in which the ultimate issue involves one of law. (Wiesen v New York Univ., 304 AD2d 459 [1st Dept 2003]; Green v Fox Is. Park Autobody, 255 AD2d 417 [2d Dept 1998].) In owner occupancy holdover proceedings, the relevant “window” period is 150 and 90 days before the expiration of the lease (9 NYCRR 2524.2), and generally the petitioner must establish that it intended in good faith (Matter of Basic Holding Corp. v Gabel, 21 AD2d 874 [1st Dept 1964]) to occupy the subject premises as a primary residence. (Short v Graves, 109 Misc 2d 672 [App Term, 1st Dept 1981].) However, even in instances where good faith exists, to the extent that the relief requested in the petition is illegal or beyond the court’s jurisdiction (Saul v 476 Broadway Realty Corp., 290 AD2d 254 [1st Dept 2002]; Schwartz v Seidman, 2003 NY Slip Op 51277[U] [Civ Ct, NY County 2003]), then the issue is really one of law and not fact. Although, based on the facts submitted, there may be an issue as to whether the petitioners commenced the instant proceeding in good faith (Basic v Gabel, 21 AD2d 874 [1964], supra), it is clear that during the relevant window period (Short v Graves, 109 *555 Misc 2d 672 [1981], supra) their occupancy of the subject premises would be unlawful as none of the petitioners is a certified artist. (Saul v 476 Broadway, 290 AD2d 254 [2002], supra.) Even at the present time, which is now 18 months after this proceeding was commenced, the petitioners’ occupancy would be unlawful. Therefore, the respondent’s motion is granted and the proceeding is dismissed. As for respondent’s application for attorneys’ fees, said application is denied without prejudice and may be renewed upon submission of proof of entitlement for same.

. The petitioners’ motion was settled pursuant to stipulation dated June 11, 2004.

. The respondent alleges that the current plans do not include adequate work space for an artist.