Kamen v Buchanan (2022 NY Slip Op 22053)

Kamen v Buchanan

2022 NY Slip Op 22053 [74 Misc 3d 93]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 11, 2022

[*1]

Jeffrey Kamen, Appellant,
v
Nicholas Buchanan, Respondent.

Supreme Court, Appellate Term, First Department, February 28, 2022

APPEARANCES OF COUNSEL

Michael F. Schwartz for appellant.
David E. Frazer for respondent.

{**74 Misc 3d at 94} OPINION OF THE COURT

Per Curiam.

Order (Marcia J. Sikowitz, J.), dated March 1, 2021, affirmed with $10 costs.
The subject premises, unit 4 in the building known as 33 Bond Street, are a rent-stabilized apartment located in an M1-5B zoning district of Manhattan. Both the local zoning resolution and the certificate of occupancy designate the premises as "joint living-work quarters for artists" (see NY City Zoning Resolution art I, ch 2, § 12-10; Multiple Dwelling Law §§ 275-278). The now-deceased stabilized tenant, Douglas Buchanan, was an artist certified by the city Department of Cultural Affairs (DCA) (see Multiple Dwelling Law § 276). Douglas died in August 2017 and his son, respondent Nicholas Buchanan, now seeks succession rights, claiming that he resided with his father in the apartment for the requisite period.
Petitioner moved for summary judgment claiming that Nicholas cannot succeed to the apartment because it is undisputed that he is not now and has never been an artist certified by the DCA. Petitioner therefore argues that it would be unlawful for Nicholas, a non-artist, to occupy the premises for use as a residence. Civil Court denied the motion, and we now affirm.
Zoning Resolution § 12-10 provides:
"A 'joint living-work quarters for artists' consists of one or more rooms in a non-residential building, on one or more floors, with lawful cooking space and sanitary facilities meeting the requirements of the Housing Maintenance Code, occupied:
"(a) and arranged and designed for use by, and is used by, not more than four non-related artists, or an artist and the artist's household, and including adequate working space reserved for the artist, or artists residing therein;
"(b) by any household residing therein on September 15, 1986 whose members are all unable to meet the artist certification qualifications of the Department{**74 Misc 3d at 95} of Cultural Affairs [*2]that registers with the Department of Cultural Affairs prior to nine months from January 8, 1987; or
"(c) by any person who is entitled to occupancy by any other provision of law."
As Civil Court noted, subdivision (c) was added to the definition of "joint living-work quarters for artists" to allow surviving family members, who may not be certified artists, to succeed to the artist's tenancy. This provision was added following a December 22, 1986 City Planning Commission Report (No. N 870206 ZRM) providing, in relevant part:
"In the course of Departmental review of joint living-work quarters for artists' occupancy another issue arose regarding the residual family whose certified artist has died or moved out. Under current zoning at least one resident of joint living-work quarters must be a certified artist; therefore an artist's family's right to remain in its home ceases should the artist leave or die.
"The proposed zoning amendment would change the definition of 'joint living-work quarters for artists' to . . . allow an artist's or registered non-artist's household to remain in occupancy consistent with applicable landlord/tenant law . . .
"This text amendment is needed to maintain neighborhood stability in th[e] face of eviction pressures on the large number of households in SoHo/NoHo lacking artist certification" (id. at 3, 5).
Accordingly, subdivision (c) of the definition of "joint living-work quarters for artists," which permits occupancy "by any person who is entitled to occupancy by any other provision of law," was intended to protect a non-artist family member who remains in the premises after the artist leaves or dies. Therefore, respondent's family member succession claim (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]), and subsequent occupancy of the apartment if the claim is successful, would not run afoul of either the zoning resolution or certificate of occupancy (see Schwartz v Seidman, 2003 NY Slip Op 51277[U] [Civ Ct, NY County 2003]).
Nor did petitioner's 2002 owner occupancy proceeding against tenant (respondent's father), which was dismissed because none of the petitioners was a certified artist (see Kamen v Buchanan, 5 Misc 3d 553 [Civ Ct, NY County 2004]),{**74 Misc 3d at 96} present an identity of claims or issues to the matter at bar and it has no preclusive effect on the succession claims at issue here, nor does the doctrine of judicial estoppel apply in these circumstances (see 35 W. Realty Co., LLC v Booston LLC, 171 AD3d 545 [2019]).
We have considered petitioner's remaining arguments and find them unpersuasive.
Edmead, P.J., Brigantti and Silvera, JJ., concur[*3].