OPINION OF THE COURT
Lester Evens, J.
Respondent in this holdover summary proceeding seeks to conduct an examination before trial of petitioner, pursuant to CPLR 408. The petition indicates that petitioner seeks to recover possession of respondent’s apartment for "good faith use and occupation as petitioner’s primary residence”. Respondent challenges petitioner’s assertion that petitioner intends to use the apartment as his primary residence. Respondent *332 has more than adequately shown special circumstances which justify an examination before trial of petitioner. Accordingly, respondent’s motion is granted.
A summary proceeding is a special proceeding (RPAPL 701 [1]). Discovery in a special proceeding is allowed only by leave of the court (CPLR 408). Thus, the court must exercise its discretion to determine whether discovery is appropriate in this case. Although a summary proceeding is intended to shorten the time period in which a landlord may seek to recover possession of real property, it is nevertheless a judicial proceeding and "the ends of justice ought not be sacrificed to speed” (42 W. 15th St. Corp. v Friedman, 208 Misc 123, 125 [App Term, 1st Dept 1955]). The question is, then, under what circumstances shall a court, in its exercise of discretion, grant a motion for discovery in a summary proceeding?
The Legislature has provided no specific standards by which the courts are to assess discovery requests in a special proceeding. In the absence of legislative guidelines, the courts have fashioned their own standards. For example, the Appellate Division, Third Department, has determined that discovery is to be allowed in a special proceeding when "the information sought [is] found to be material and necessary to the defense.” (Matter of General Elec. Co. v Macejka, 117 AD2d 896, 897 [3d Dept 1986].)
In the First Department, the standard has been more restrictive. Various Civil Court cases have suggested that discovery should be permitted only upon a showing of "ample need”. (See, for example, Antillean Holding Co. v Lindley, 76 Misc 2d 1044 [Civ Ct, NY County 1973]; New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983].) The Appellate Term has instructed that disclosure should be available only when "special circumstances” exist which warrant it. (Clark v Kellogg, NYLJ, July 28, 1982, at 6, col 1 [App Term, 1st Dept].) More recently, the Appellate Term has provided further guidance in East Four-Forty Assocs. v Walsh (NYLJ, Dec. 8, 1986, at 30, col 1 [App Term, 1st Dept]) in which it held that: "In summary proceedings based upon allegations of nonprimary residence, applications for disclosure under CPLR 408 should be liberally reviewed * * * Here, landlord has sufficiently particularized the predicate for this holdover proceeding to warrant discovery, having set forth facts supportive of its allegation of nonprimary residence.”
Clark (supra) and East Four-Forty Assocs. (supra) appear, at *333 first examination, to be in conflict. In Clark, a respondent sought to conduct an examination before trial of the owner who was seeking possession of the respondent’s apartment for use as the owner’s primary residence. The Appellate Term held that, when the owner’s primary residence was questioned by a respondent, "special circumstances” must exist to warrant an examination before trial of the owner. In its later ruling in East Four-Forty Assocs., the Appellate Term held that when a respondent’s primary residence is put in issue by an owner, discovery should be "liberally” granted. Thus, without closer examination, it might appear that the Appellate Term, First Department, has reached an inexplicable conclusion. Must two parties seeking precisely the same relief (possession of an apartment) on precisely the same grounds (non-primary residence of the opposing party) meet vastly different burdens merely because one is a respondent and the other is a petitioner?
There is, of course, no rational basis for granting "liberal” discovery to petitioners where nonprimary residence is in issue while requiring respondents to show "special circumstances” to obtain discovery. Nor does this court believe that this is what the Appellate Term intended. Rather, it is clear that the Appellate Term decisions instruct trial courts to carefully examine the facts alleged and to allow discovery when "special circumstances” exist. Such a holding is certainly not intended to approve discovery requests which are mere fishing expeditions, whether initiated by petitioners or respondents. Neither, however, should this holding be interpreted to deprive respondents of their ability to prepare their defense by conducting discovery in cases where circumstances warrant it.
Further, and because the proceeding is summary as well as special, it would seem logical that petitioners would be faced with a more difficult burden to overcome in demonstrating "special circumstances” which warrant discovery. Petitioners are required to provide in their petition "a concise statement of the ultimate facts upon which the proceeding is predicated” (Giannini v Stuart, 6 AD2d 418, 420 [1st Dept 1958]). Thus, in order to initiate a summary proceeding, petitioners must already possess sufficient facts to establish a prima facie case and thus recite a concise statement of ultimate facts in the petition. Therefore, in order to justify a request for discovery, a petitioner would be required to allege facts sufficient to spell out a prima facie case while claiming to lack knowledge of *334 facts which would presumably be crucial to proving petitioner’s case. Such an unusual situation would, indeed, seem to present "special circumstances”.
Respondents, on the other hand, are not in the position of initiating a special proceeding, but of responding to a petitioner’s allegations. There can be no presumption that a respondent possesses facts sufficient to prepare a defense to a proceeding which is predicated on a petitioner’s alleged good-faith intention to use a respondent’s apartment as a primary residence.
In the present case, respondent has clearly produced substantial evidence which calls into question petitioner’s good-faith intention to use the apartment in question as his primary residence. Respondent has provided evidence that petitioner’s primary residence may be in Remsenberg, New York, where petitioner has registered an automobile and has a listed telephone number which he provided to tenants as a "weekend phone number”. Respondent has introduced evidence that petitioner’s address, as listed with the Department of Motor Vehicles as of February 1987, is 55 Park Avenue, New York City. Thus, petitioner may have at least two current addresses which could be his primary residence. Respondent has provided information concerning other real estate investments in the same neighborhood allegedly owned by petitioner which could also serve as petitioner’s primary residence. In addition, respondent asserts that two floors of the building in question are now vacant and potentially available to petitioner as a residence.
Clearly, respondent has demonstrated special circumstances which support his motion to conduct an examination before trial of petitioner. Therefore, the motion to conduct an examination before trial of petitioner is granted. The court is mindful of the need for expeditious resolution of a summary proceeding. Accordingly, in order to avoid any undue delay, this examination before trial shall be conducted no later than April 13,1987 at Special Term, Part II of the Civil Court. This matter is assigned to the Trial Calendar for April 27, 1987 at Part 18 of the Civil Court.