OPINION OF THE COURT
Martin Schoenfeld, J.
The issue presented is whether a party in a summary *23 proceeding must initially serve a subpoena before the court may grant leave to depose a nonparty witness? The court finds that as a first step, service of such subpoena is unwarranted.
In this holdover proceeding respondent tenant moves to take the oral deposition of the New York Westin Hotel Company (Westin), a nonparty witness, and to have various documents produced at such examination. Petitioner landlord opposes the motion claiming it to be an improper attempt to prolong a summary proceeding and burdensome. Further petitioner alleges that as a matter of law, respondent having failed to first serve a subpoena upon Westin pursuant to CPLR 3106 (b), the motion must be denied.
Petitioner is the present owner of the famous Plaza Hotel located in Manhattan at 768 Fifth Avenue. Respondent occupies approximately 5,200 square feet of commercial space on the 17th floor of the hotel pursuant to a lease entered into with Westin. The lease was purportedly terminated in accordance with a clause contained therein which states: "[I]n the event Landlord determines in its sole discretion to * * * sell the Hotel, then Landlord may terminate this Lease by giving Tenant a nine (9) months notice in writing”. A letter of termination was sent by Westin on January 22, 1988. Thereafter a series of transactions involving Westin and several different parties ensued eventually leading to a sale of the hotel to petitioner and a contractual assignment to Donald Trump and DJT Plaza Hotel Corp. Subsequently this summary proceeding was commenced.
By decision dated February 24, 1989 Judge Leona Freedman, denying both a motion to dismiss the petition and a cross motion to strike an affirmative defense, held that an issue exists as to whether or not there was in fact a determination made to sell at the time notice was given. The opinion further states: "In other words the question is the intent of the person making the 'determination. ’ This, of course, is a question of fact to be decided at trial.” Respondent’s present application for disclosure is based upon that decision which is now the law of the case. (Holloway v Cha Cha Laundry, 97 AD2d 385, 386 [1st Dept 1983].)
Discovery in a summary proceeding, which is a special proceeding, is allowed only by leave of court (CPLR 408; RPAPL 701). This is because discovery tends to prolong an action and is therefore inconsistent with the expeditious nature of a special proceeding (Dubowsky v Goldsmith, 202 App *24 Div 818 [2d Dept 1922]). Accordingly only where it is demonstrated that there is ample need for such relief, should it be granted (Antillean Holding Co. v Lindley, 76 Misc 2d 1044, 1047 [NY County 1973]). On the other hand where such need for disclosure does exist, the court should permit it (New York Univ. v Farkas, 121 Misc 2d 643 [NY County 1983]; Harris v Bigelow, 135 Misc 2d 331 [NY County 1987]). This is true even with regard to the deposing of a nonparty witness (65 Cent. Park W. v Greenwald, 127 Misc 2d 547, 551 [NY County 1985]).
In light of Judge Freedman’s decision the circumstances in the present special proceeding are such that it would be material and necessary for respondent to examine Westin by orally deposing a company employee knowledgeable with the facts leading to the termination notice and eventual sale of the hotel. Without information regarding Westin’s intention respondent would be unable to adequately prepare for trial. More significantly such deposition may actually expedite matters by clarifying whether a bone fide factual issue exists concerning the determination to sell.
Petitioner’s argument that respondent must serve a subpoena upon the nonparty witness before seeking disclosure places the cart before the horse. While CPLR 3106 (b) does require service of a subpoena when the person to be examined is a nonparty witness, that section is designed for plenary actions. In such actions full and liberal disclosure is always available in the first instance without the need for judicial intervention (Muss v Utilities & Indus. Corp., 61 Misc 2d 642, 643 [Nassau County 1969]). However as a special proceeding requires leave of court for disclosure, the use of any other procedure is improper. (See, Slawiak v Hollywood, 123 Misc 2d 435, 437 [Erie County 1984].) This gives the court an early opportunity to summarily deny disclosure, or regarding those special proceedings where ample need has been shown, to impose appropriate conditions so as to avoid undue delay, hardship or prejudice to either side. In the present situation this includes being cognizant of the fact that the rights of the nonparty witness must likewise be protected. For these reasons the following determination is made:
Respondent may depose Westin by serving upon it a copy of this decision together with a subpoena on condition that respondent pay all expenses and that such examination is noticed to take place within 30 days from the date of this order. For expedience, if petitioner has personal knowledge as *25 to the present location of Westin it shall so advise respondent. This is without prejudice to any reasonable objection to the oral examination or production of documents which Westin itself may have provided that it seeks a protective order pursuant to CPLR 3103 within 20 days from the time a subpoena is served. In the interim respondent is to pay to petitioner use and occupancy in the same amount previously paid as rent commencing April 3, 1989 and continuing thereafter until the conclusion of this case. (See, Haddad Corp. v Redmond Studio, 102 AD2d 730, 731 [1st Dept 1984].) Further this case is to appear on the Part 52 Calendar for trial on April 28, 1989.