OPINION OF THE COURT
Per Curiam.
Order dated May 24, 1993 reversed, with $10 costs, respondent's motion to dismiss the petition is denied, the petition is reinstated, and respondent is granted leave to conduct disclosure.
Antecedent to commencement of this "owner use” holdover proceeding (Rent Stabilization Code [9 NYCRR] § 2524.4 [a]), landlords served a notice of nonrenewal, or termination notice (Rent Stabilization Code § 2524.2), as follows: "As you already know my husband and I plan to move to 259 West 90th and make the garden apartment our retirement home. Your present lease which expires on October 31, 1992 will not be renewed. Believe it or not, my husband and I take no joy in doing this, but the economy is such that we have no other way out.” Civil Court dismissed the proceeding upon its conclusion that the quoted predicate notice is defective, principally because "a retirement house is not necessarily a primary residence” and it cannot be ascertained from the notice whether landlords intend to occupy the premises as their primary residence. We do not agree, and find that the subject notice adequately alerts the tenant to both the underlying legal ground for recovery of the premises and essential factual reason why the apartment is being sought, in compliance with the specificity requirements imposed by Rent Stabilization Code § 2524.2 (b) and controlling precedent (see, Berkeley Assocs. Co. v Camlakides, 173 AD2d 193, affd 78 NY2d 1098). The absence of the words "primary residence” — a legal term of art — is not fatal to the efficacy of a preliminary notice in an owner occupancy proceeding, particularly where the characterization of the intended use of the premises for retirement purposes is not inconsistent with its use as a primary residence. Ultimately, this is an element to be established at trial, as is the element of whether landlords are proceeding in good faith. To the extent tenant requires further particulars to defend against the proceeding, that concern is met by the order of disclosure which we now grant.