OPINION OF THE COURT
Gerald Lebovits, J.
I. Background
Petitioner, Marc Smilow, brought this owner’s use holdover proceeding to recover possession of respondent’s rent-stabilized apartment, which is located at 26 West 87th Street in New York County. Petitioner purportedly intends to convert the building — including all the rent-regulated apartments in the building — into a single-family home for himself, his wife, and his two young children.
Respondent moves under CPLR 408 for leave in this special proceeding to serve on petitioner a document-production demand and a request to depose Jill Smilow, petitioner’s wife. Petitioner consents to his own deposition but opposes both document production and Ms. Smilow’s deposition. Petitioner also argues in the alternative that if the court grants leave to respondent to serve the document demand she attaches as exhibit “G,” he may still decline to produce the demanded documents. According to petitioner, respondent did not move to compel disclosure but rather only for leave to serve a document and deposition demand.
Respondent seeks disclosure to ascertain petitioner’s good-faith intention to use the building as a single-family home. Respondent wants to learn about petitioner’s other properties, his other attempts to recover apartments for his or his family’s use, his plans to renovate the building, and his primary residence. *181 (See respondent’s proposed notice to produce documents and other information.)
Respondent’s motion for disclosure raises three issues. The first is whether she is entitled to disclosure to determine petitioner’s good faith to bring this owner’s use proceeding. The second is whether, if disclosure is warranted, respondent is entitled to depose Ms. Smilow, a nonparty. The third is whether respondent’s motion for an order under CPLR 408 asking for leave of the court to serve demand for documents necessarily encompasses an order to compel compliance with the disclosure request.
Petitioner argues that respondent’s motion for disclosure should be denied. According to petitioner, she has failed to demonstrate “ample need.” Petitioner contends that he has made his good-faith intentions to use the subject building as his family home “abundantly clear” to respondent. In this regard, petitioner alleges that he moved into the building with his family in early July 2005 and began the initial construction of the premises, as evidenced by the presence of construction workers on site. Petitioner also argues that in his notice of nonrenewal, he notified respondent that he intends to renovate the subject building to create a single-family home and that he has retained an architectural firm to draft a renovation plan. (See petitioner’s affirmation in opposition to respondent’s motion for discovery 1Í1F 37-40.) From this, petitioner suggests that respondent cannot dispute his claim.
Respondent questions the validity of petitioner’s assertions. Respondent states that she has no personal knowledge about petitioner’s actual intentions for using the apartment and that a basis exists to question petitioner’s credibility and his good-faith intentions. First, respondent asserts that petitioner has an economic incentive to evict the rent-regulated tenants in the building, to regain possession of the apartments, and to re-rent them at market rates. Second, respondent alleges that petitioner owns other properties in New York City to which he could move without having to evict respondent. Third, respondent asserts she has reason to know that petitioner cannot possibly recover all the apartments in the building to create a “single family home.” According to respondent, one of the tenants cannot be evicted. Finally, respondent asserts that the true purpose of this owner’s use proceeding is retaliation because she has rallied the other tenants in the building against petitioner. (See Natalie Ulrich’s affidavit, Sept. 6, 2005, 1Í1Í 7-11.)
*182 II. Legal Standard for Disclosure in Owner’s Use Proceedings
Disclosure is unavailable as a matter of right in summary proceedings. Leave of the court must be obtained to conduct disclosure. The primary purpose of the leave requirement is to make summary proceedings expedient and reduce costs. But no per se rule prohibits disclosure in summary proceedings, and “a summary proceeding, despite its name, is nonetheless a judicial proceeding, and . . . the ends of justice ought not be sacrificed to speed.” (42 W. 15th St. Corp. v Friedman, 208 Misc 123, 125 [App Term, 1st Dept 1955, per curiam].)
To justify disclosure, a movant must demonstrate “ample need” for a claim or defense. Requests for disclosure should be carefully tailored to obtain information necessary to a tenant’s defenses or counterclaims. (New York Univ. v Farkas, 121 Misc 2d 643, 647 [Civ Ct, NY County 1983]; see generally Anthony J. Fiorella, Jr., Outside Counsel, A Judicial Perspective on Permissible Discovery in Summary Proceedings, NYLJ, Aug. 19, 1999, at 1, col 1; Richard T. Walsh, Outside Counsel, Disclosure in Special Proceedings Under CPLR § 408, NYLJ, Dec. 5, 1995, at 1, col 1.) In the seminal New York Univ. v Farkas, the court provided a list of factors on whether ample need has been met. The factors include whether (1) “the petitioner has asserted facts to establish a cause of action”; (2) the movant has demonstrated a need to determine “information directly related to the cause of action”; (3) the information requested is “carefully tailored and is likely to clarify the disputed facts”; (4) granting disclosure would lead to prejudice; (5) the court can alleviate the prejudice; and (6) whether the court can structure discovery to protect pro se tenants against any adverse effects of a landlord’s discovery requests. (Farkas, 121 Misc 2d at 647.)
A motion for leave to conduct disclosure is not for a landlord’s exclusive benefit. A tenant may also be granted similar relief if the disclosure demand reaches the ample-need threshold to defend against the proceeding. A tenant’s request for disclosure in an owner’s use proceeding may not be conclusory. (E.g. Blane v Isles, NYLJ, Apr. 28, 1987, at 5, col 4 [App Term, 1st Dept, per curiam] [denying disclosure because “tenant has not demonstrated . . . the existence of circumstances warranting disclosure”]; Trojan v Wisniewska, 8 Misc 3d 382, 392 [Hous Part, Civ Ct, Kings County 2005] [“The mere conclusory statements that the petitioner must prove ‘good faith’ at trial, without more, does not demonstrate ‘ample need’ for discovery”]; Khan v Pizarro, NYLJ, Jan. 4, 1993, at 22, col 6 [Hous Part, Civ Ct, *183 Bronx County] [same].) But disclosure is routinely granted in owner’s use cases for tenants who provide specifics about depositions or documentary evidence sought.
In owner’s use proceedings, courts have granted tenants’ motions for disclosure when the facts relating to the proposed use of the apartment in question, including the owners’ good-faith intention to use the apartment for their personal use, were in the landlord’s exclusive possession. (See e.g. Miller v Vosooghi, NYLJ, Apr. 18, 2001, at 18, col 1 [App Term, 1st Dept, per curiam] [finding that tenant showed ample need when landlord’s intent to recover apartment was in landlord’s exclusive knowledge]; Teichman v Ciapi, 160 Misc 2d 182, 184 [App Term, 1st Dept 1994, per curiam] [holding that disclosure was necessary to determine whether landlords acted in good faith]; Nestor v Britt, NYLJ, Apr. 24, 1990, at 22, col 3 [App Term, 1st Dept, per curiam] [granting disclosure to determine whether landlord should be estopped from maintaining proceeding because of its similarity to prior proceeding between same parties]; Perlman v Martinez, NYLJ, Jan. 6, 1999, at 27, col 6 [Hous Part, Civ Ct, Kings County] [holding that tenant demonstrated ample need because landlord and landlord’s son had exclusive knowledge about who intended to occupy subject apartment].)
In Miller, for example, the Appellate Term granted the tenant’s motion for disclosure because the operative facts about the landlord’s intention to recover the apartment for his son were within the landlord’s knowledge and because the tenant needed the information to mount a proper defense. (See NYLJ, Apr. 18, 2001, at 18, col 1.) Indeed, a presumption favors granting disclosure when the opposing party has exclusive possession of material facts relating to the owner’s intended use. (See e.g. Friedman, 208 Misc at 125 [allowing examination of bills of particulars in owner’s use proceedings and requiring courts of first instance to control grants of discovery requests in their discretion]; Teichman, 160 Misc 2d at 183 [granting disclosure order to extent needed to defend against owner’s use proceeding]; Schwartz v Seidman, NYLJ, May 8, 2002, at 21, col 2 [Hous Part, Civ Ct, NY County] [granting discovery on subject of landlord’s good-faith intention to use apartment for his family]; Mandell v Cummins, NYLJ, July 25, 2001, at 18, col 4 [Hous Part, Civ Ct, NY County] [granting tenant’s motion for disclosure because facts relating to use of apartment by owner’s family were within owner’s knowledge]; Perlman, NYLJ, Jan. 6, 1999, at 27, col 6 [granting discovery in owner’s use proceeding *184 to determine whether premises were really needed for intended purpose: use by landlord’s son]; Steinmetz v Cedeno, NYLJ, Jan. 3, 1996, at 27, col 4 [Hous Part, Civ Ct, Kings County] [granting tenant’s motion for order compelling petitioner to appear for further deposition and respond to tenant’s questions relating to racial, ethnic, and religious demographics of subject building].)
Disclosure in owner-use proceedings is now routine. According to one leading authority, “Discovery is [so] often freely allowed in . . . owner use cases after motion to the court [that] [practitioners may avoid the delay of motion practice, cost to their clients and the use of court time if they agree to a discovery schedule . . . without court intervention.” (Andrew Scherer, Residential Landlord-Tenant Law in New York § 13:52 [2005 ed] [Fern Fisher, View from the Bench].)
III. Respondent’s CPLR 408 Motion for Leave to Serve Document Production
Petitioner contends that because the Omnibus Housing Act (L 1983, ch 403, eff. Apr. 1, 1984) substantially changed the law to eliminate the “good faith” requirement in owner’s use cases, a tenant has no need or right to secure disclosure to ascertain a landlord’s good faith to occupy premises for personal family use. This argument has been articulated well in different sources, particularly in Alan D. Kucker and Santo Golino, Discovery Controversies in Summary Proceedings (NYLJ, Mar. 20, 2000, at S2, col 1), who contend that the Legislature’s “[hjaving eliminated good faith from the statute, it would appear that the basis for granting discovery to tenants in owner occupancy proceedings has also been eliminated.”
As Kucker and Golino explain, the former Rent Stabilization Code (old code), promulgated by the Rent Stabilization Association and approved by the New York City Department of Housing Preservation and Development, had provided at section 54 (B) that an owner need not offer a renewal lease when “[t]he owner seeks in good faith to recover possession of a dwelling unit for his own personal use and occupancy or for the use and occupancy of his immediate family.” Until the 1983 Omnibus Housing Act, owner’s use cases were heard, not in Civil Court, but before the Conciliation and Appeals Board. Section 50 of the Omnibus Housing Act amended Rent Stabilization Law ([RSL] Administrative Code of City of NY) § 26-511 (former § YY516.0) by adding a new owner’s use provision, the current RSL § 26-511 (c) (9) (b), which provides nothing about any need to prove good faith.
*185 Similarly, current Rent Stabilization Code ([RSC] 9 NYCRR) § 2524.4 (a) (1), which amended the old code effective May 1, 1987, also eliminated the old code’s requirement that a landlord prove good faith in an owner’s use proceeding. Instead, current RSC (9 NYCRR) § 2524.4 (a) (5) provides for penalties — penalties that did not exist under the old code — if the owner does not occupy the dwelling unit for personal or family use after obtaining possession. According to RSC (9 NYCRR) § 2524.4 (a) (5), an owner’s failure to use the unit for the intended purpose after the tenant vacates or to continue in occupancy for three years may deprive the owner of any right to increase the legal regulated rent for three years and, in addition, the former tenant will still be able to maintain a plenary claim against the owner.
Petitioner argues, therefore, that the Legislature acted intentionally in deleting the good-faith proof requirement and replacing it with penalties for acting in bad faith. (See Kucker and Golino at S7, col 3, supra, citing Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208-209 [1976] [“an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded”], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 240.)
Whatever merit this argument of statutory interpretation might have had, the courts have rejected it. Despite the amendments noted above, case law since 1987 has consistently required owners to show at trial good faith that they seek to occupy the apartment for their personal use. (See e.g. Powers v Babic, 177 AD2d 432, 432 [1st Dept 1991, mem] [agreeing with Appellate Term that “Civil Court, having observed the witnesses’ demeanor and heard their testimony, was in . . . be(st) position to make findings of fact on the issue of good faith”]; Horsford v Bacott, 5 Misc 3d 132[A], 2004 NY Slip Op 51399[U], *1 [App Term, 1st Dept, Nov. 17, 2004, per curiam]; Ellis v Epstein, 2003 NY Slip Op 51127[U], *1 [App Term, 1st Dept, July 15, 2003, per curiam]; Proctor v Barns, 2002 NY Slip Op 50215[U], *1 [App Term, 1st Dept, May 29, 2002, per curiam]; Delorenzo v Famiglietti, NYLJ, May 1, 1996, at 30, col 3 [App Term, 1st Dept, per curiam]; Nestor, NYLJ, Apr. 24, 1990, at 22, col 3; Kamen v Buchanan, 5 Misc 3d 553 [Hous Part, Civ Ct, NY County 2004]; Harrilal v Bennett, NYLJ, Dec. 17, 2003, at 21, col 1 [Hous Part, Civ Ct, Kings County].)
Thus, a petitioner must establish “good faith” at the trial in an owner’s use proceeding as an element of the petitioner’s *186 prima facie case. (Mandell, NYLJ, July 25, 2001, at 18, col 4; Sobel v Mauri, NYLJ, Dec. 12, 1984, at 10, col 4 [App Term, 1st Dept, per curiam].) That was true before 1987. (See e.g. Edelman v McGoldrick, 281 App Div 686, 686 [2d Dept 1952, mem].) It remains true today.
Owner’s use proceedings are governed by RSC (9 NYCRR) § 2524.4 (a) (1). When a rent-stabilized lease expires, the landlord must offer the tenant a renewal. But section 2524.4 (a) (1) allows an owner to refuse to offer a renewal lease when the owner seeks to recover possession of a rent-regulated housing accommodation either for the “owner’s personal use and occupancy” or for “the use and occupancy of a member of his or her immediate family as his or her primary residence.” (See Matter of Rosenbluth v Finkelstein, 300 NY 402, 405 [1950] [involving owner’s seeking to recover for own use]; Nestor, NYLJ, Apr. 24, 1990, at 22, col 3 [involving owner’s seeking to recover for family member]; Sobel, NYLJ, Dec. 12, 1984, at 10, col 5 [involving owner’s seeking to recover for own use].)
Recovery for personal use must be in “good faith.” An owner satisfies the “good faith” requirement if “he or she seeks to gain possession with the honest or genuine intention to recover the tenant’s premises for personal and/or family use.” (Delorenzo, NYLJ, May 1, 1996, at 30, col 4, quoting RSC [9 NYCRR] § 2524.4 [a] [1].)
Applying the factors set forth in Farkas, this court finds that respondent has established ample need to obtain the requested documents. The information sought relates directly to respondent’s defense: petitioner’s lack of good faith. The issue of “good faith” is often in dispute and constitutes a tenant’s main defense. That an owner’s subjective intent is within the owner’s sole possession is critical in granting disclosure under CPLR 408 to delineate material facts.
The documents respondent requests bear directly on the disputed facts and are carefully tailored in scope to address those facts. For example, respondent’s document request relates to plans for the building renovations, and petitioner’s other properties are relevant on the issue of good faith — whether he will convert the building into a single-family home. As such, respondent’s request does not constitute a “fishing expedition,” as petitioner characterizes it.
Respondent need not accept petitioner’s bare assertions at face value. Petitioner’s conclusory assertions about relocating his family to the building and having construction workers on *187 site are not dispositive of whether petitioner actually intends to recover respondent’s apartment for his personal use — that is, as his family home for his wife and children. Issues of facts remain about whether he wishes to oust the tenant and replace her with another tenant who will pay a higher rent. Additionally, issues of fact remain about whether the building is structurally amenable to being converted into a single-family home. Merely because petitioner notified respondent of his desire to convert the building into a single-family home does not prove his good-faith intentions to do so. Respondent need not accept petitioner’s representations and just move on and out. (See Harris v Bigelow, 135 Misc 2d 331, 334 [Civ Ct, NY County 1987] [“There can be no presumption that a respondent possesses facts sufficient to prepare a defense to a proceeding which is predicated on a petitioner’s alleged good-faith intention to use a respondent’s apartment as a primary residence”].)
Like the tenants in Miller, Nestor, and Cummins, respondent is entitled to disclosure because facts related to respondent’s defense — petitioner’s good-faith intention to recover the apartment for use as his family home — are exclusively in petitioner’s knowledge. Thus, respondent would potentially face a danger of unfair prejudice in her defense should her motion be denied.
Petitioner insists that the facts in Miller are “drastically different” from those here. Petitioner argues that here, unlike Miller, facts associated with petitioner’s good-faith intention to create a single-family home in the subject building are known to petitioner as well as respondent. (See petitioner’s affirmation in opposition to respondent’s motion for discovery 1111 47, 50-51.) The court disagrees. Exclusivity precludes sharing. Petitioner’s subjective intent is inherently in his exclusive purview; respondent is not privy to it. Respondent has a right to disclosure to assess the true purpose behind petitioner’s bare assertions and conduct.
The rationale to grant disclosure in a summary proceeding when the information is within the sole control of one party is not limited to owner’s use proceedings. Courts routinely grant disclosure in other contexts, when information related to a claim or defense is within the sole custody or control of the party opposing disclosure. (See e.g. 85th Estates Co. v Kalsched, NYLJ, May 18, 1992, at 27, col 4 [App Term, 1st Dept, per curiam] [granting landlord’s motion for leave to conduct disclosure to determine whether respondent used rent-stabilized apartment improperly]; Pamela Equities Corp. v Frey Co., 120 Misc 2d 281, *188 283 [Civ Ct, NY County 1983] [granting disclosure in nonpayment proceeding involving complex rent calculations].) Courts liberally grant disclosure requests in nonprimary-residence proceedings. (See e.g. Young Mens Christian Assn. of Greater N.Y. v Buhler, NYLJ, July 10, 1986, at 6, col 3 [App Term, 1st Dept, per curiam]; Jump Assoc. v Bigelow, NYLJ, Mar. 26, 1986, at 11, col 6 [App Term, 1st Dept, per curiam] [granting landlord discovery request in nonprimary-residence proceeding].)
This rationale, which extends to all special proceedings, regardless of the procedural context, reflects the courts’ concerns with the availability of information relevant to the material facts of a claim or defense.
This case is similar to 85th Estates, in which the landlord initiated a holdover proceeding on the ground that the tenant, without the landlord’s consent, was using the rent-stabilized apartment improperly as a psychologist’s office. (See NYLJ, May 18, 1992, at 27, col 4.) In 85th Estates, the court allowed an examination before trial of the tenant because the landlord established ample need that information about the business use in the apartment was solely in the tenant’s knowledge.
On the other hand, this case is distinguishable from Antillean, in which the court denied the tenant’s motion for disclosure. (See Antillean Holding Co. v Lindley, 76 Misc 2d 1044, 1048 [Civ Ct, NY County 1973].) Antillean was a nonpayment proceeding in which the tenant’s request for disclosure related to her RPAPL 755 and Multiple Dwelling Law § 302 defense. According to the tenant in Antillean, the landlord had failed to provide essential services and to repair dangerous and hazardous conditions. (Id.) In Antillean, the tenant was the best witness of the conditions in the apartment in question. Respondent here has no actual or constructive knowledge of petitioner’s purported personal desire to use respondent’s apartment. Thus, unlike the disclosure request in Antillean, respondent’s disclosure request is essential to her defense.
Respondent’s showing of ample need, coupled with petitioner’s exclusive knowledge about his actual subjective intentions for use of the building, warrants pretrial disclosure of the requested documents.
IV Respondent’s Motion under CPLR 408 to Depose Jill Smilow
The scope of discovery in an owner’s use proceeding is not limited to the named petitioner landlord. The scope may also include nonparties who will aid in determining facts related to *189 the cause of action. Examining petitioner’s wife before trial is warranted because petitioner wants the apartment for himself and his wife. As evidenced by petitioner’s notice of nonrenewal, petitioner has put his wife’s intentions in issue by including her in his plan to use the building as a single-family home. (See exhibit C to petitioner’s affirmation in opposition to respondent’s motion for discovery U 2.) Thus, Ms. Smilow has knowledge not shared with respondent about the apartment’s proposed use.
The Appellate Term, First Department, allows nonparty spouses in owner’s use proceedings to be examined before trial when the spouse has actual knowledge pertinent to the proceeding. In Nestor, for example, the court granted the tenant leave to depose the owner and a nonparty family member for whom possession was sought “so that . . . factual circumstances alleged to exist by petitioners can be fleshed out.” (Nestor, NYLJ, Apr. 24, 1990, at 22, col 3.)
Petitioner and his wife have exclusive knowledge about facts relating to their family’s proposed use of the apartment. As in Nestor, respondent is entitled to depose petitioner’s wife to determine petitioner’s actual intentions. (Cf. Schwartz, NYLJ, May 8, 2002, at 21, col 2 [compelling deposition of petitioner, who himself had no.plans to live in apartment].) Deposing her is relevant, nonprejudicial, and unintrusive. (See Fiorella, supra, at NYLJ, Aug. 19, 1999, at 4, col 3 [“Relevancy, prejudice and intrusiveness remain the yardstick by which such a request (to depose a nonparty witness) is measured”].)
V Disclosure under CPLR 408
The final issue before the court is the scope of CPLR 408 in special proceedings like this one. At oral argument, petitioner argued that respondent is not entitled to compel document production. Petitioner argued that CPLR 408 is directed solely to whether the court will allow leave to serve a disclosure demand. Should the court grant respondent’s motion, petitioner contends, he need not comply with the disclosure demands — he need merely accept service of the demand.
The case law rejects petitioner’s position. Disclosure in a summary proceeding, which is a special proceeding, is allowed only by leave of court, and disclosure in Civil Court takes place pursuant to the Civil Practice Law and Rules. (See CCA 1101; CPLR 408; Islamic Community, Inc. v Elshariff, NYLJ, Oct. 12, 1999, at 28, col 3 [Hous Part, Civ Ct, Kings County]; Plaza Operating Partners v IRM [U.S.A.] Inc., 143 Misc 2d 22, 23-24 [Hous Part, Civ Ct, NY County 1989].) When leave of *190 court is given, disclosure takes place pursuant to CPLR 3101, which provides mandatory full disclosure of all information material and necessary to a claim or defense. (CPLR 3101.) As the Court of Appeals has explained, “[t]he words, ‘material and necessary’, are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968].)
In special proceedings, motions under CPLR 408 seeking leave of court to serve a disclosure demand contemplate a motion to compel disclosure, even though a formal motion to compel under CPLR 3124 need not be made until a party fails to comply with a demand after service has been effected. On granting leave to serve a document demand, courts contemporaneously consider the propriety of compelling disclosure of facts material and necessary to disposing of the case. (See e.g. Roth v Pakstis, 13 AD3d 194, 195 [1st Dept 2004, mem] [granting plaintiffs motion to compel discovery because granting discovery was proper exercise of discretion under CPLR 408]; Matter of Niagara Mohawk Power Corp. v City of Saratoga Springs Assessor, 2 AD3d 953, 954-955 [3d Dept 2003, mem] [granting petitioner’s motion to compel discovery in proceedings under RPTL article 7, which CPLR 408 governs]; Chalfin v Sabol, NYLJ, June 26, 1992, at 22, col 1 [Sup Ct, NY County] [rejecting petitioner’s opposition to compelled production on ground that proceeding was special proceeding and that disclosure is available only under court order granting leave to conduct disclosure under CPLR 408].)
Petitioner has not demonstrated that compliance with the disclosure request would be unduly burdensome, prejudicial, or dilatory. Petitioner has not objected to disclosing any document requested and has not cross-moved under CPLR 3103 for an order of protection. Petitioner would allow respondent to serve her document demand and reserve the right to object only when respondent moves to compel under CPLR 3124 or for sanctions. But objecting only at that phase, when respondent already annexed to her motion a proposed notice to produce documents and has thus given petitioner an opportunity to oppose with specificity, contradicts the purpose of a motion in a special proceeding for leave to conduct disclosure under CPLR 408 and assures only delay, waste, and expense, to the litigants and to the court.
*191 Respondent having shown ample need for disclosure, this court directs petitioner to comply with the document demand that respondent now has leave to file.
Respondent’s motion under CPLR 408 for an order granting leave to conduct disclosure on the issue of good faith is granted, as is respondent’s motion for leave to depose Jill Smilow.