OPINION OF THE COURT
Scott Fairgrieve, J.
Petitioner has commenced this holdover proceeding against the respondents to recover possession of apartment 3E in the premises known as 75 Randall Avenue, apartment 3E, Free-port, New York. The basis of the proceeding is the nonprimary residence of respondents. The notice of nonrenewal of lease and intention to commence summary proceedings based upon nonprimary residence (notice), dated April 26, 2016, was served upon Aleida and Eladio Cepeda.
The notice states that the lease, which expired on August 31, 2016, was not renewed because “the premises are not occupied by you as your primary residence.” The notice alleges that Aleida Cepeda vacated the premises and resides at 7651 Gate Parkway, apartment 112, Jacksonville, Florida. The notice further alleges that Eladio Cepeda vacated the apartment and resides at 160 Guy Lombardo Avenue, apartment 4H, Freeport, New York. The notice also indicates that Aleida Cepeda and Eladio Cepeda “have not been seen in the subject building in over six months.” The notice also states that Willson R. Cortor-real and/or Jose D. Cortorreal and/or Maria J. Cortorreal are occupants.
Paragraph two of the petition states that Aleida Cepeda and Eladio Cepeda were the tenants of the premises who entered *462 pursuant to a lease starting September 1, 1991 and continued as tenants until the lease expired on August 31, 2016. The respondents Willson R. Cortorreal, Jose D. Cortorreal and Maria J. Cortorreal are alleged to be undertenants of the tenants, Aleida Cepeda and Eladio Cepeda.
Respondents Aleida Cepeda, Eladio Cepeda and Ruby Maria Cepeda move for an order to compel the petitioner to respond to respondents’ demand for discovery and inspection, dated September 26, 2016, or in the alternative for an order of preclusion or dismissal of the petition.
The affidavit of Aleida Cepeda is submitted (dated Nov. 3, 2016), wherein it is stated that respondents need a copy of the lease signed on September 1, 1991, because respondents’ copy is lost. Respondent Aleida Cepeda swears in the affidavit that the said premises “is my primary residence.” Respondent also wants the sum and substance of the oral statement that respondent allegedly made to petitioner.
Respondents’ demand for discovery and inspection, dated September 26, 2016, requests the names and addresses of witnesses for the following:
l.A. To the claim that both or either Aleida Cepeda or Eladio Cepeda are no longer primary residents at the said premises and haven’t been seen for six months at the apartment complex.
l.B. That both Aleida Cepeda and Eladio Cepeda have not been seen in the premises for over six months.
l.C. That Aleida Cepeda vacated the apartment and resides in Florida.
1.D. That Eladio Cepeda vacated the apartment and resides on Guy Lombardo Avenue in Freeport.
The demand for discovery and inspection also requests:
2. Copy of lease from 1991 and renewed until August 31, 2016.
“3. The sources of information referred to in the Verification by Attorney Harold Rosenthal made on behalf of the Petitioner ORAL Statements, books and records furnished by petitioner its agents and or employees and material continued in the office files. Affirmed to pursuant to RPAPL§ 741 by Harold Rosenthal Respondents demand production of all the aforementioned Oral Statements. The sum and substance of the statements and when *463 they were made. The books and recrods [sic] furnished by the Petitioner or his Agents and Employees and the materials relied upon to verify the Facts of the Petition.
“4. A copy of the section of the ETPA which is relied upon in the petition regarding Primary Residence.
“5. Full, true, legible, accurate and complete copy of any and all statements made by or taken from any of the parties to this litigation, or their agents, servants and/or employees, whether written or recorded, in your possession, custody or control or presently in the possession or under the control of a party you represent, or any agent, servant, employee and/or principal, of you or the party you represent.”
Respondents’ attorney, Robert Seiffert, states in his affirmation dated November 3, 2016, submitted in support of the motion, the following points:
(a) Respondents don’t have the lease and need to obtain this document.
(b) The names and addresses of the witnesses that petitioner intends to call for trial are needed concerning the claim that respondents Aleida Cepeda and Eladio Cepeda do not live at 75 Randall Avenue, Freeport, as their primary address.
(c) Petitioner needs to obtain the sum and substance of the oral statements made by respondents and the name(s) of the witnesses who will testify to same.
(d) The demand for discovery and inspection (DNI) was served on September 26, 2016, but no response was received.
(e) Petitioner demands production of oral statements and books and records furnished to petitioner’s attorney Harold Rosenthal by petitioner or its agents or employees used to verify the petition.
(f) Respondents demand a copy of Emergency Tenant Protection Act (ETPA) § 2504.4* relied upon by petitioner in the notice of nonrenewal of lease.
(g) Respondents claim that they are entitled to know how petitioner bases its claim that respondents do not live at the said premises.
*464 Petitioner cross-moves for an order denying respondents’ motion in all respects and for an order to have respondents pay arrears and use and occupancy in the sum of $5,950.92, plus ongoing use and occupancy.
Petitioner’s counsel, Ashka J. Patwa, writes in her affirmation, affirmed November 18, 2016, that the DNI was served upon her in court on October 17, 2016. Petitioner sent the lease to respondent on October 18, 2016.
Petitioner’s counsel served a “Discovery Rejection Letter” (dated Oct. 21, 2016) on October 24, 2016, by certified mail, return receipt requested. The said letter declined to answer respondents’ discovery demands because:
“We are in receipt of your Demand for Discovery and Inspection dated September 26, 2016 (which we are rejecting and which you will find enclosed). As you are aware, discovery in summary proceedings such as this is limited by statute and decisional law. Pursuant to CPLR § 408, a party may only obtain discovery by leave of court, and even then, only in instances where the party seeking disclosure demonstrates ‘ample need’. Additionally, such demand must be carefully tailored to obtain information necessary to the tenant’s defense and not cause unreasonable] delay.
“As no order has been issued by the court directing the production by the Petitioner of the documents demanded in your September 26, 2016 Demand for Discovery and Inspection, the Petitioner will not comply with said requests at this time. Furthermore, your request for the name(s) address(es) and telephone number(s) of the witness(es) to the allegations in petition the demand for inspection of the original lease can be reviewed at trial. Additionally, typically the original lease should already be within the tenant’s possession as it was furnished to them at the commencement of their tenancy, and thus not discoverable via demand upon the Petitioner. Nevertheless, a copy of the initial lease was e-mailed to you on October 18, 2016. Your request for ‘oral’ statements, etc. relating to the correspondence between Harold Rosenthal, Esq. and our client is overly broad and privileged. Your request for the section of the ETPA relied upon in commencing this holdover is already cited in the Notice of Non- *465 Renewal of Lease and Intention to Commence Summary Proceedings Based upon Non-Primary Residence. Finally, your request for all statements made by the parties in this litigation is also overly broad.”
Counsel for petitioner writes that the “Discovery Rejection Letter” was returned to petitioner on November 7, 2016 because it was not deliverable as addressed even though the address on the letter matched the address on respondents’ legal backs. The letter was emailed to respondents on November 17, 2016.
Petitioner states that respondents have failed to show “ample need” pursuant to CPLR 408 for discovery. Petitioner states that no discovery is needed because respondents know whether they live in the building. Petitioner contends that respondents can examine the witnesses and inspect the lease at trial.
Petitioner argues that any oral statements and documents and records exchanged between petitioner and its counsel are not discoverable because the demand is overly broad and subject to attorney work product and privilege.
Petitioner states that respondents can easily obtain the ETPA regulation relied upon by doing research.
Petitioner cross-moves for an order to compel respondents to pay use and occupancy during the pendency of this matter because the landlord needs funds to render services, pay taxes, and maintain the property.
Petitioner requests arrears of rent in the sum of $5,950.92 plus use and occupancy in the sum of $991.82 per month.
Respondents submit the reply affirmation of Robert W. Seiffert, affirmed December 1, 2016. The said affirmation opposes any payments being made by his client during the pendency of this case. Furthermore, counsel repeats his arguments that discovery is needed and ample need has been demonstrated.
Decision
Motion for Disclosure
Respondents must demonstrate “ample need” for discovery regarding a claim or defense. (See Smilow v Ulrich, 11 Misc 3d 179 [Civ Ct, NY County 2005]; New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983].)
Courts have allowed discovery in a summary proceeding involving allegations of nonprimary residence, succession *466 rights, or periods of co-residency. (See 157 E. 89th St., LLC v McAuliffe, 42 Misc 3d 143[A], 2014 NY Slip Op 50270[U] [App Term, 1st Dept 2014]; New York Univ. v Farkas; Lancaster 160 LLC v Shklyar, 35 Misc 3d 1230[A], 2012 NY Slip Op 50955[U] [Nassau Dist Ct 2012].)
In New York Univ., the court held:
“I hold that the petitioner has demonstrated ‘ample need’ to conduct the requested discovery based upon the type of proceeding involved and the desired information sought. (Antillean Holding Co. v Lindley, supra.) I further hold that in summary proceedings based upon allegations of nonprimary residence, a presumption in favor of disclosure should be made by a court entertaining an application under CPLR 408.” (121 Misc 2d at 647.)
In Lancaster 160 LLC, the court stated: “Discovery is particularly appropriate where the issue involves periods of co-residency and succession rights (see, 217 E. 82nd St. Co. v. Perko, 10 Misc 3d 146(A)).” (2012 NY Slip Op 50955 [U], *4.)
When the court grants disclosure in a summary procedure, there shall be mandatory full disclosure of all information material and necessary to a claim or defense. See Smilow v Ulrich, wherein the court held:
“The case law rejects petitioner’s position. Disclosure in a summary proceeding, which is a special proceeding, is allowed only by leave of court, and disclosure in Civil Court takes place pursuant to the Civil Practice Law and Rules. (See CCA 1101; CPLR 408; Islamic Community, Inc. v Elshariff, NYLJ, Oct. 12, 1999, at 28, col 3 [Hous Part, Civ Ct, Kings County]; Plaza Operating Partners v IRM [U.S.A.] Inc., 143 Misc 2d 22, 23-24 [Hous Part, Civ Ct, NY County 1989].) When leave of court is given, disclosure takes place pursuant to CPLR 3101, which provides mandatory full disclosure of all information material and necessary to a claim or defense. (CPLR 3101.) As the Court of Appeals has explained, [t]he words, “material and necessary”, are, in our view, to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.’ (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968].)” (11 Misc 3d at 189-190.)
*467 Pursuant to CPLR 3101, petitioner is required to produce the names and addresses of witnesses who have knowledge of the events and/or what happened. See David D. Siegel, NY Prac § 349 (5th ed 2011), wherein the following is written:
“The caselaw under the CPLR has confirmed that parties must reveal the name of anyone they know of who witnessed the event at issue. This does not mean that upon demand each party must serve on the other a list of all the witnesses she intends to use at the trial. It doesn’t cover, for example, character or expert witnesses, whatever the effect other provisions may have on compelling the disclosure of such witnesses. Its concern is with those ordinary witnesses who can shed light on what happened.”
Also supporting the above quote, are Rios v Donovan (21 AD2d 409 [1st Dept 1964]) and Bombard v County of Albany (94 AD2d 910 [3d Dept 1983]).
Based upon the above, petitioner shall answer demand No. 1, and disclose the names and addresses of witnesses who have knowledge that respondents Aleida Cepeda and Eladio Cepeda have not been seen in the building for over six months and/or live at other residences.
Petitioner shall provide a complete copy of the original apartment lease and all renewals for the period of August 26, 1991 through August 31, 2016. This is demanded in demand No. 2.
Petitioner is directed to produce reports, records and statements made in the ordinary course of its business concerning the allegations of nonresidency by respondents and/or new residences established by respondents. Production of the foregoing is required by CPLR 3101. See David D. Siegel, NY Prac § 348 (5th ed), wherein the following appears:
“Reports and statements made in the ordinary course of operating a business get no immunity and must therefore be distinguished from those prepared for litigation, a sometimes difficult chore when the item’s existence is traceable to mixed motives and litigation is one of them. A common example is an accident report made by an employee in a restaurant, hotel, conveyance, etc. If someone is injured and sues, the proprietor’s lawyer would like to make it appear that the accident report was prepared for litigation so that it won’t have to-be disclosed. One lawyer for a big hotel had his client *468 route such reports directly to him in an effort to make them smack of litigation and nothing else. He didn’t succeed. The court noted that the reports also serve internal business purposes and thus earn no protection from CPLR 3101(d), incidentally establishing a proposition now commonly recognized: that in order to qualify as ‘litigation’ material the item must have been prepared exclusively for litigation. Incidental potential use in litigation, the courts have observed, may also be a function of such reports, but they have at least an equal if not greater mission ‘to prevent future accidents, discipline careless employees, or, generally, to increase the economy and efficiency of the operation.’ Multi-motived reports therefore do not warrant the immunity if litigation is only one of the motives.”
In Weisgold v Kiamesha Concord (51 Misc 2d 456, 459 [Sup Ct, Sullivan County 1966]), the court made clear that reports created as part of its normal business routine and transmitted to its attorneys are not exempt from disclosure:
“Materials created as part of normal business routine and assembled for transmittal to an attorney are not, by such gathering and forwarding, changed in character to a thing ‘created ... in preparation for litigation’ (Welch v. Globe Ind. Co., 25 AD2d 70, 72-73; Rundel v. Tocher, 22 AD2d 513, 515-516, 516-517, supra, Raylite Elec. Corp. v. New York Fire Ins. Co., 46 Misc 2d 361; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.54). A report, resulting from the regular internal operation of an enterprise and serving purposes in the conduct of the enterprise such as the prevention of future accidents, the discipline of careless employees or the furtherance of economy and efficiency of the operation, should not become immune from discovery and the liberal intentions of article 31 of the CPLR thwarted by the mere fact that it was ‘made out’ to an attorney.”
Respondents demand production of the ETPA regulation section relied upon. This demand need not be answered because there is no reason why respondents can’t obtain the same by performing proper research.
Petitioner shall respond to demand No. 5 to the extent that petitioner has any written or oral statements made or provided by respondents. See David D. Siegel, NY Prac § 348 (5th ed):
*469 “To be distinguished from the statement of a witness is the statement of a party made to someone on the other side. (Such a statement may have been given, for example, when a person injured in an accident is approached by the potential defendant’s insurance adjuster before the injured person has retained counsel.) Parties are entitled as a matter of right to obtain copies of their own statements pursuant to the explicit authority of subdivision (e) of CPLR 3101; subdivision (d) does not govern it.”
Thus, any reports, statements or records made in the ordinary course of petitioner’s business concerning the respondents not residing at the said premises or new residences shall be disclosed.
Cross Motion
The cross motion to compel respondents to pay use and occupancy is granted. Respondents shall pay petitioner the monthly sum of $991.82 starting January 2017 and going forward. (See RPAPL 749 [3]; Corris v 129 Front Co., 85 AD2d 176 [1st Dept 1982].)
Respondents shall also pay petitioner the arrears of $5,950.92 within 30 days of this order. (595 Broadway Assoc. v Bikman, 2003 NY Slip Op 51254[U] [App Term, 1st Dept 2003]; Beac-way Operating Corp. v Concert Arts Socy., 123 Misc 2d 452 [Civ Ct, NY County 1984]; Finkelstein & Ferrara, Landlord and Tenant Practice in New York § 15:5 [West’s NY Prac Series, vol G, 2015-2016 ed]; Scherer & Fisher, Residential Landlord-Tenant Law in New York §§ 8:4-8:6 [2015-2016 ed].)
Conclusion
Petitioner shall provide the discovery to respondents within 20 days of this order.
Respondents shall pay petitioner the sum of $991.82 each month going forward.
The respondents shall also tender to petitioner the arrears of $5,950.92 by February 1, 2017.

 The court notes that there is no section 2504.4 in the Emergency Tenant Protection Act of 1974 (McKinney’s Uncons Laws of NY §§ 8621-8634 [L 1974, ch 576]); however, the respondents appear to be referring to Emergency Tenant Protection Regulations (9 NYCRR) § 2504.4, a regulation promulgated under the Act’s authority.